R. MANWARRING V. G. L. KOUNS & BROTHER.

1. A State court which has acquired jurisdiction of the person of a defendant is not ousted of it by an adjudication of bankruptcy against him by an United States court; but if no lien on the defendant's property was obtained in the State court prior to the adjudication in bankruptcy, none can be acquired thereafter, inasmuch as all of the property owned by the defendant at the time of the adjudication (except exemptions) passes to his assignee in bankruptcy, and cannot be affected by a judgment subsequently rendered by the State court.

2. A discharge in bankruptcy cannot avail a defendant, either at law or in equity, unless pleaded; and the plea should be filed in due order of pleading, being in no respect a privileged plea.

3. A judgment obtained against a discharged bankrupt, under circumstances showing fraud or contrivance to avoid the effect of his discharge, may be enjoined by any court of competent jurisdiction.

4. It seems that if a defendant in a civil suit is in attendance upon the court as a grand juror, it is error to take judgment against him by default, without having him called.

ERROR from Grimes.    Tried below before the Hon.
N. Hart Davis.

The material facts are stated in the opinion of the
court.    The overruling of the motion for a new trial
was the error relied on.

The case of Goodrich & Scott, appellants, v. Manwar-
ring, numbered 757 in this court, was considered and
disposed of in the present opinion.    The difference be-
tween the attitudes of the two cases was, that Manwar-
ring had obtained an injunction of this last case, and
had not of the other.

*D. D. Atchison,* for Manwarring.

*H. H. Boone, contra.*

WALKER, J.—This is an appeal from the district
court of Grimes county.    Kouns & Brothers filed their
petition against Manwarring and Brown, on the seven-
teenth day of April, 1867, and on the eleventh day of
June, 1869, a judgment was taken by default for
$4871.30, with interest.

At a subsequent term of the district court, to-wit, on
the eleventh day of December, 1869, Manwarring filed
in the district court a motion for a new trial, and this
motion, it is claimed, is in the nature of a bill of review.
It sets forth, among other things, that prior to the ren-
dition of the judgment, Manwarring had been dis-
charged under the act of March 7, 1867, as a bankrupt,
by the District Court of the United States for the West-
tern District of the State of Texas, and that he had
recorded his discharge in the county of Grimes nearly
three months before the rendition of the judgment in
the State court.

It appears from the brief of appellant's counsel, and

is a fact undisputed, that in the month of February, 1868, Manwarring was duly adjudged a bankrupt.

The State court did not lose its jurisdiction of the person of the defendant, by his being adjudicated a bankrupt; but having acquired no lien prior to the adjudication in bankruptcy, whatever property the bankrupt owned at the time of the assignment, except such as was set aside to him by law, passed to his assignee, and the plaintiffs could thereafter acquire no exclusive right to it.

It is true an execution, levied upon the estate of the debtor previous to an act of bankruptcy, gives a lien to the execution creditor, provided the levy be real and *bona fide*. (Barnes v. Billington, 1 W. C. C., 29.) But all the property and rights of property of the bankrupt at the time of the decree vest in the assignee, subject only to such valid liens as may have been acquired more than four months prior to the adjudication in bankruptcy. (See *Ex Parte* Newhall, 2 Story, 360; *Ex Parte* Abrahams, 5 Law Rep., 328.)

The appellant in this case is guilty of laches; he had his discharge and ought to have plead it. The maxim "*ignorantia legis non excusat*," does apply. A discharge in bankruptcy will not avail a defendant, either in law or equity, unless pleaded. (Fellows v. Hall, 3 McLean, pp. 281, 488.) And this plea should be filed within the rules; it does not come within the class of privileged pleas.

We are of opinion that the motion for a new trial came too late. We can attach no significance whatever to the agreement of counsel found on page thirteen of the record.

It is true, the foundation of this suit was an instrument in writing, the evidence of a debt provable in the bankrupt court; the bankrupt returned it upon his

schedule, and the presumption is, that in accordance with the practice of the bankrupt court, the holder and owner of the instrument was notified to prove his claim. He is therefore not entitled to an execution against any property of the bankrupt owned at the time he was declared a bankrupt. There can be no doubt of the legal proposition, that a judgment ob· tained against a discharged bankrupt under circumstances going to show fraud, trick, or contrivance to avoid the effect of the discharge, may be enjoined by any court of competent jurisdiction. (Greenleaf v. Maher, 2 W. C. C., 44.)

In the case of Goodrich and Scott v. Manwarring, No. 757, an injunction was granted by the court, and on final hearing it was made perpetual; and as there is no statement of facts which would in any way impeach this action of the court, we will affirm the judgment in that case, and it will stand enjoined. We must also affirm the judgment in No. 835.

But if the appellant has been aggrieved by a "snap judgment" obtained by fraud, trick or contrivance, or if the judgment is vitiated by any violation of law, he can enjoin it as in No. 757. And if it be true that a judgment was signed against him at the time he was in attendance upon the court as a grand juryman, and was not notified of the action of the court, we believe it would be good cause for enjoining the judgment. Grand jurors are in attendance upon the court. It is true, they usually govern their own sittings, but they are never so far away from the court that they cannot with convenience be called; and when so important a matter as entering up a judgment for near $5000, by default, is going on against a grand juror, it would be error in the court not to cause him to be called. But this matter is not made to appear by the record, and we can take no further notice of it.

If the property taken in execution belonged to the assets of the bankrupt, the general creditors have their remedy ; and if it belonged to the wife of the bankrupt, she has her remedy against the party or parties who have invaded her rights.

The judgment of the district court is affirmed in each case.

AFFIRMED.