J. H. FRANK ET AL. v. O. W. BEAN.

(No. 2183.)

APPEAL from Wichita County. Opinion by WILLSON, P. J.

*(Transferred from Austin.)*

WM. M. FLOOD, counsel for appellants.

WITTICH & McBRIDE, counsel for appellee.

**§ 211.** *Exempt property; furniture used in keeping a restaurant is not exempt; "tools" and "apparatus;" furniture not included in meaning of; case stated.* Appellee sued appellants, J. H. Frank and wife, for rent, and sued out a distress warrant which was levied upon certain articles of property used by appellants in carrying on the restaurant business, said property being upon the rented premises, and valued by the officer making the levy at $72. Frank and wife, with Goldman and Toboliski as their sureties, executed a replevy bond for said property. On the trial of the suit Frank and wife pleaded and claimed that the property levied upon was exempt from forced sale. Appellee recovered judgment for his rent and costs against J. H. Frank, and against said Frank and the sureties on said replevy bond for said rent and costs not to exceed $72, the value of the property replevied, and for the foreclosure of the landlord's lien upon the property replevied. *Held:* The charge of the court properly instructed the jury that if the property levied upon was household and kitchen furniture it was exempt, but that if it consisted of furniture used in keeping a restaurant, it was not exempt. "Household and kitchen furniture used in hotels and restaurants, beyond that which is used by the family, is not included in the exemption." [Heidenheimer Bros. v. Blumenkron, 56 Tex. 308.] Such property does not come within the meaning of "tools" or "apparatus," as used in the statute of exemptions, and cannot be claimed as exempt under that clause of the statute. The common signification of said words does not embrace *furniture* used in hotels and restaurants.

**§ 212.** *Replevy bond; held valid, though not conditioned in accordance with the statute.* The replevy bond is not conditioned as required by the statute. [R. S. art. 3116.] It is conditioned that if the defendant is condemned in said action, he or some other person will return the property or its value to satisfy the judgment which may be rendered against him, together with inter-

est thereon from date.    Its conditions are less onerous than those prescribed by the statute, in that a return of the property satisfies this bond, but would not satisfy a statutory bond.    It is well settled that if the departure from the statutory conditions of a bond make it less onerous, the bond may be enforced.    [W. & W. Con. Rep. § 649.]    It was not error, therefore, to render judgment against the sureties upon said replevy bond.    [2 W. Con. Rep. §§ 278, 462.]

§ 213. *Effect of replevy bond; releases property from lien as well as levy.* It was error to foreclose the landlord's lien upon the property replevied. The replevy bond released the property not only from the levy, but from said lien.    [2 W. Con. Rep. § 462.]

December 8, 1886.    Reversed and rendered.