### W. H. MUELLER v. J. C. RICHARDSON ET AL.

#### No. 3046.

1. **Household and Kitchen Furniture Exempt from Execution.**—A widow with one child occupied a house of eight rooms. She also had a room for servants. The furniture was such as is usually found in such residences. In order to support herself and child she was compelled to take some boarders, who occupied rooms in the house, but such persons as she so received were selected and were fed and lodged under specific contracts. Her furniture was seized under execution. The sheriff becoming satisfied that the property was exempt released it. In motion against the sheriff his defense that the goods were exempt was sustained.

2. **Same—Case Adhered to.**—Alsup & Thompson v. Jordan, 69 Texas, 304, adhered to, as to meaning of "household" and "furniture" in article 3335, Revised Statutes.

3. **Statute Construed.**—There is no limitation on the exemption (Rev. Stats., art. 3335) based either on value or necessity of the family for the use of the property to which the exemption applies.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM. The opinion states the case.

*R. J. Boykin* and *W. R. Sawyers*, for appellant.—All household furniture in a boarding house, or house in which boarders are habitually taken and kept for the purpose of making money or a living, in excess of that used by the family and necessary for the use and comfort of the family, is subject to sale under execution. Rev. Stats., art. 2335; Roco v. Green, 50 Texas, 483; Heidenheimer Bros. v. Blumenkron, 56 Texas, 314; Freem. on Ex., sec. 231; Thomp. on Exemp., secs. 794–797; Weed v. Dayton, 13 Am. Law Reg., p. 603.

No brief for appellees reached the Reporter.

STAYTON, CHIEF JUSTICE.—Appellant having a judgment against Mrs. Margaret Byrne, caused an execution thereon to be issued and levied by the sheriff, or deputy sheriff, of Tarrant County on household

goods found in the house which was the home of Mrs. Byrne and her family at that time, consisting of one child. The sheriff, however, after the levy was made, became satisfied that the property was exempt from forced sale and released it, whereupon this proceeding, by way of motion, was brought against him and the sureties on his official bond to compel them to pay the judgment.

A trial was had without a jury, and the court finding that the property levied upon was exempt from forced sale, entered a judgment for defendants, from which this appeal is prosecuted.

The evidence shows that the property levied upon consisted of such household and kitchen furniture as was in use in the residence of Mrs. Byrne, which consisted of a house having some seven or eight rooms, besides a separate room for a servant. The furniture was such as is usually found in such residences, and appellant seems to have thought that only such furniture as Mrs. Byrne and her son would ordinarily need for their own use would be exempt from forced sale.

Mrs. Byrne was a widow, who for a support for herself and child seems to have been compelled to take some boarders, who occupied rooms in the house, but such persons as she so received were selected and fed and lodged under specific contracts, and at no time was the house ever opened to the public.

The statute now in force exempts from forced sale "all household and kitchen furniture." Rev. Stats., art. 3335. There is no limitation on the exemption, based either on value or necessity of the family for the use of the property to which the exemption applies; and the only inquiry in this case is, Was the property levied upon, within the meaning of the statute, "household and kitchen furniture?" It is not denied that the property seized was such as was adapted to household and kitchen uses, and the exemption is given to every family.

The meaning of the words "household" and "furniture" as used in the statute now in force was considered in Alsup v. Jordan, 69 Texas, 304, and we might rest a holding that the property in question was not subject to forced sale on what was said in that case, but we will notice some adjudicated cases the holdings in which lead to the same result.

In Hooper's Appeal, 60 Pennsylvania State, 220, it appeared that a testatrix made a bequest of her "household furniture," and a question arose as to what passed under that bequest. The testatrix was the keeper of a large boarding school furnished with such things as were necessary for the boarding and lodging of pupils, as well as with necessary desks and other furniture for the school rooms, and it was held that the bequest passed all beds and other furniture used by the boarding pupils as well as that used by the testatrix for home purposes, but that it did not pass desks and other furniture of the school rooms. In disposing of the case the court said: "It (household furniture) comprises, as has been said in several cases, everything that contributes to

the convenience of the householder or ornament of the house.   Kelly v. Pouley, Amb., 610; Cole v. Fitzgerald, 1 Sim. & St., 189; Carnagy v. Woodcock, 2 Munf., 239.   It is contended, however, that the circumstances in this case show that the testatrix used these words in a more restricted sense.   These circumstances are, that the testatrix kept a boarding school; that the greater part of the furniture in question was for the use of the boarders; that they form a very large portion of her whole fortune; and that only a part of the house in which she lived was furnished for her own use and comfort.   Hence it is argued that the bequest should be confined to the articles so used by her.   I agree that the furniture of the school room is not household furniture; desks, stools, slates, inkstands, maps, globes, etc., can not be brought within that category.   The fact that the testatrix occupied one of the rooms in the house in which she resided would make no difference.   But as to the remaining articles, it is not easy to see how those employed for the comfort and convenience of boarders can be distinguished from such as are for the use of the members of the family or guests entertained without pay.   It can not be pretended that these would not be included; otherwise the words would be narrowed down by construction to articles used personally by the testatrix herself; and for this there is neither reason nor authority.   It can not be affected by the size of the establishment.   A poor widow ekes out her livelihood in a small house by taking two or three boarders; would not the furniture of her parlor and kitchen, as well as of her guest-chambers, pass by a bequest of her household stuff? If so, can it make any difference that there are fifty or one hundred boarders?   Where is the line to be drawn?   No doubt if a cabinet-maker, or upholsterer, or other tradesman were to make a will in these words, articles in his store or shop answering to the description would not pass, though he might have his residence in the same house.   They would be in the way of trade.   So, if the keeper of a hotel lived in a different house the words would admit of a different construction.''   See also Roper on Legacies, 253; Le Faerant v. Spencer, 1 Vesey, Sr., 97.

If the statute only exempted household and kitchen furniture *necessary for the use of the family,* then an inquiry would arise, as in the case of Weed v. Dayton, 40 Connecticut, 295, whether such furniture used to accommodate boarders as well as to enable Mrs. Byrne to make a support for herself and child would be exempt; but no such question arises in this case.

In Heidenheimer v. Blumenkron, 56 Texas, 314, it was held that personal property adapted to the uses to which household and kitchen furniture are applied were not exempt from forced sale under foreclosure of a chattel mortgage in so far as they were used for hotel or restaurant purposes or held only for that use.

It seems to us that personal property held only for the purpose of business, such as that of hotel or restaurant keeping, ought not to be

held "household and kitchen furniture" within the meaning of the statute giving exemptions, although that used by the family in the same building for the comfort and convenience of the family might be; for in the one case the property is held and used for purposes of business and profit, to secure which this particular exemption is not given; while in the other the exemption is given to secure the necessities, comforts, and conveniences of the family in the home. The primary purpose in the one case is profit, while in the other it is protection, comfort, and convenience to the family, which ought not to be denied because incidentally support for the family may be secured by the temporary use of the exempt property in the home.

If Mrs. Byrne had not received boarders, it probably would not have been supposed that the property seized was subject to forced sale; and if, within the meaning of the statute, it was "household and kitchen furniture," which does not depend alone on the character of the property, but upon this and its relation to the home, existing or contemplated, then the use to which the evidence shows it was applied in the home could not divest her right to have the exemption.

There was no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered November 27, 1891.