## M. O. Stone v. Schneider-Davis Company.

Decided June 27, 1908.

**1.—Bankruptcy—Defense—Pleading.**

A discharge in bankruptcy, to be available as a defense in a suit for debt, must be plead and proved.

**2.—Exemption—Restaurant Furniture not Exempt.**

The interest of a partner in restaurant furniture and fixtures is not exempt from forced sale.

Appeal from the County Court of Dallas County. Tried below before Hon. H. F. Liveley.

*Muse & Allen,* for appellant.

*Flippen & McCormick,* for appellee.

BOOKHOUT, Associate Justice.—This was a suit by appellant against appellee to enjoin the sale of certain property levied upon by the sheriff of Dallas County under an execution issued on a judgment rendered in the County Court of Dallas County in favor of Schneider-Davis Company and against M. O. Stone. It was alleged that, at the time of the pendency of the suit in the County Court, in which the judgment was rendered, plaintiff, M. O. Stone, had been adjudicated a bankrupt, and at the time of the rendition of the judgment had been granted a discharge; that the debt for which the judgment was rendered had been duly listed in the schedules of plaintiff filed in the bankrupt court, and was not exempt or excepted from a discharge in bankruptcy, and that said debt was discharged by reason of plaintiff's discharge in bankruptcy.

It was further alleged that the plaintiff was engaged with another in conducting a restaurant business, and that the property levied upon was partnership property, in which plaintiff owned a one-half interest, and that the same was necessary to the conducting of the restaurant business. A description of the property was set up, and it was alleged plaintiff owned a half interest therein of the value of $500.

Defendant filed a general demurrer to the petition, which the court

sustained, and the suit was dismissed. Plaintiff excepted and perfected his appeal.

The contention of appellant is that the court erred in sustaining the demurrer. We do not agree to this contention. It was the duty of appellant, if he wished to avail himself of his discharge in bankruptcy, to have pleaded the same in the County Court, and on trial to have made proof of the same in support of his plea. This he did not do, but permitted the suit to proceed to judgment. Levyson v. Harbert, Blanks & Co., 3 App. Civ. Cas., sec. 214; Manwarring v. Kouns, 35 Texas, 171; Coffee v. Ball, Hutchins & Co., 49 Texas, 25; Miller v. Clements, 54 Texas, 354.

Nor was the property levied upon exempt from execution as "the apparatus and furniture belonging to the trade and business" of one engaged in the restaurant business. This exact question was decided adversely to appellant in the case of Frank v. Bean, 3 App. Civ. Cases, sec. 211. See, also, Heidenheimer Bros. v. Blumenkron, 56 Texas, 308; Bond v. Ellison, 2 U. C. (Posey), 388; Dodge v. Knight, 16 S. W., 628; Mueller v. Richardson, 82 Texas, 363.

We conclude there is no error in the judgment and the same is affirmed.

*Affirmed.*