FRANK  SIMMANG  V.  PENNSYLVANIA  FIRE  INSURANCE  COMPANY
ET AL.

No. 1846.  Decided October 28, 1908.

**1.—Jurisdiction of Supreme Court—Garnishment.**

The Supreme Court has jurisdiction by writ of error over proceedings in
garnishment upon a judgment in the District Court, though the amount in-
volved in the garnishment is less than five hundred dollars; the garnishment was
not an original suit, but ancillary to the main one, and not such as could
come within the jurisdiction of the County Court.  (P. 41.)

**2.—Exemptions—Apparatus of Trade—Restaurant Keeper.**

If the keeping of a restaurant could be held to be a "trade" within the
meaning of the statute exempting the "tools and apparatus" thereof from forced
sale (Rev. Stats., art. 2395) counters, safe, tableware, kitchen utensils, etc.,
constituting the equipment of a restaurant are not such "tools or apparatus" and
are not exempt.  (P. 41.)

Error to the Court of Civil Appeals for the Fourth District in an
appeal from Bexar County.

Simmang, having a judgment against Geise in the District Court, sued out garnishment against the insurance company. The latter admitted liability to Geise, who made himself a party and defended on the ground that the property burned was exempt. Simmang had judgment, which was reversed on appeal by Geise. Appellee then obtained writ of error.

*Salliway & McAskill,* for plaintiff in error.—Household and kitchen furniture used in hotels and restaurants, beyond that which is used by the family, is not included in the exemption. Heidenheimer v. Blumenkron, 56 Texas, 314; Mueller v. Richardson, 28 Texas, 361; Dodge v. Knight, 16 S. W., 627; Frank v. Bean, 3 App. C. C. (Willson), 259.

*Webb & Goeth,* for defendants in error.—The case is not within the jurisdiction of the Supreme Court. Rev. Stats., art. 941; Gallagher v. Rham, 88 Texas, 514; Texas & P. Ry. Co. v. Langsdale, 88 Texas, 513.

Geise being the head of a family, following the occupation of conducting a restaurant, the lunch counter, back counter, shelving, safe, stools, stove, fans, cash register, two ice boxes, etc., being property entirely used, designed and intended for said business and necessary for the purpose of conducting the same, constituted "the tools and apparatus of his trade or profession" and was exempt property under subdivision 5, art. 2395, of the Revised Statutes. Betz v. Maier, 12 Texas Civ. App., 222; Green v. Raymond, 58 Texas, 83; Fore v. Cooper, 34 S. W., 341; Nichols v. Porter, 7 Texas Civ. App., 303; Webster's Unabridged Dictionary; Anderson's Law Dictionary.

MR. JUSTICE BROWN delivered the opinion of the court.

In the District Court of Bexar County, 45th District, Frank Simmang recovered a judgment against Otto Geise for about $600. The Pennsylvania Fire Insurance Company owed Geise on a fire policy $341.20, which was not contested by the company. Simmang sued out in the District Court of the 45th District of Bexar County a writ of garnishment against the Pennsylvania Fire Insurance Company, calling upon it to answer what it was indebted to Otto Geise, and the company answered stating the amount due. Otto Geise filed a plea of intervention in which he claimed that the sum due him upon the policy of insurance was exempt from the writ of garnishment because the policy under which the debt accrued was upon property owned by said Geise which was exempt from forced sale. Upon a trial, judgment was rendered in favor of Simmang. Upon appeal to the Court of Civil Appeals that judgment was reversed and judgment rendered in favor of Geise. The Honorable Court of Civil Appeals makes this statement of the property insured:

"Lunch counter, back counter, shelving, safe, stools, stove, fans, cash register, two ice boxes, crockery, table ware, linen, knives, forks and kitchen utensils, together with similar articles constituting the tools and apparatus of his trade or profession as a keeper of a restaurant, and being entirely property used, designed and intended

for said business and necessary for the purpose of conducting the same, and this being the only property of this character owned by this intervener; and that the money in the hands of the garnishee was due him on its policy, insuring him against loss on the property described. The foregoing matters were pleaded by Geise and admitted to be true by Simmang."

Defendant in error filed a motion to dismiss the writ of error because the amount in controversy is within the jurisdiction of the County Court and the proceeding might have been had in that court, therefore it is claimed that this court has no jurisdiction of this case. The garnishment proceeding is not an original suit but ancillary to the judgment of the District Court which was rendered in favor of Simmang against Geise, being a process for the enforcement of said judgment, therefore, the garnishment could not have been sued out from any other court than that in which the judgment was rendered. (Kelly v. Gibbs, 84 Texas, 148; Kreisle v. Campbell, 89 Texas, 104; Townsend v. Fleming, 64 S. W., 1006.)

It is claimed that under article 2395, subdivision 5 of the Revised Statutes, the property insured and for the destruction of which the money was due from the Pennsylvania Fire Insurance Company was exempt from forced sale for the debts of Geise, therefore, the proceeds of such property in the shape of insurance money is exempt from the process of garnishment for the payment of his debts. The article referred to reads as follows:

"Art. 2395. The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: . . .

"5. All tools, apparatus and books belonging to any trade or profession."

Granting that the keeping of a restaurant is a trade within the meaning of the law, the question arises—were the things insured "apparatus" as the term is used in the statute. In Heidenheimer v. Blumenkron, 56 Texas, 314, a mortgage had been given upon articles such as were insured in this case, by the keeper of a hotel, and, suit being instituted to foreclosure the mortgage, the defendant claimed that the articles embraced in the mortgage were exempt from forced sale under the terms of the statute above quoted. The court held that such articles, when not used by the family of a hotel keeper, were not exempt from forced sale, therefore, were subject to sale under the mortgage.

Dodge v. Knight, 16 S. W., 626, involved the same question as that at issue here. Dodge and Martin were keepers of a restaurant and were indebted to Knight and Dickson who sued out a writ of attachment against Dodge and Martin and caused the same to be levied upon the furniture, fixtures, etc., of the restaurant, being such articles as are involved in this proceeding. Afterwards, Dodge sued for damages upon the ground that the property levied upon was exempt under the statute from forced sale but this court approved the opinion of the Commission of Appeals which held that it was not embraced within the terms of the statute.

In Frank v. Bean, 3 Appeal Civil Cases, p. 258, the Court of Appeals held that the furniture, dishes, etc., used by the keeper of a restaurant in carrying on the business, were not exempt under the statute as quoted above. That court said: "Such property does not come within the meaning of "tools" or "apparatus," as used in the statute of exemptions, and can not be claimed as exempt under that clause of the statute. The common signification of said words does not embrace *furniture* used in hotels and restaurants."

We conclude that the property which was destroyed by fire and for which the insurance money was due from the Pennsylvania Fire Insurance Company was not exempt from forced sale, and that the Court of Civil Appeals erred in reversing and rendering the judgment in this case. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*