McGEHEE et ux. v. SMITH.

No. 5448.

Court of Civil Appeals of Texas. Amarillo.

June 15, 1942.

V. R. Sanders, Jr., and David C. McCord, Jr., both of Dallas, for appellants.

Herbert Marshall, of Dallas, for appellee.

FOLLEY, Justice.

This is an appeal from a judgment perpetually enjoining the appellants, G. A. McGehee and wife, and D. A. Bradshaw, constable of Dallas County, from selling at execution sale certain personal property belonging to the appellee, Mrs. Elizabeth Smith, judgment debtor in a judgment obtained by McGehee and wife. The court below found that the property involved constituted tools of trade and was therefore exempt from forced sale.

It appears that the appellee, who is a widow, owns and operates the Thrift Beauty Shop in Dallas. The property involved in the execution consists of two Blue Streak electric dryers, one Rilling electric dryer, one General Electric fan, one Majestic electric curler, three occasional chairs, one facial chair, one shampoo chair, four steel chairs, one day bed and pad, three walnut dressing tables with mirrors, and one magazine rack. All this property was shown to have been used in, and necessary for, the operation of appellee's beauty parlor.

We think the trial court was correct in his conclusion that the above property constituted tools and apparatus of trade within the meaning of Article 3835, Vernon's Ann.Civ.St. The appellants contend that because some of the machinery was electrically driven such property is excluded from the statute. With this contention we cannot agree. The property thus electrically driven could not be rightfully classed as "ponderous power driven machinery" such as a system of huge printing presses operated by employes, which has been held to be not within the statute. In re Turrentine & Thompson, D.C., 6 F.Supp. 490, 492. Nor could it be classed as large, cumbersome, expensive or complicated machinery such as a mill or gin, a well-drilling rig or a threshing outfit, which property does not come within the statute. Cullers v. James, 66 Tex. 494, 1 S.W. 314; Thresher v. McEvoy et al., Tex.Civ.App., 193 S.W. 159; Comer v. Powell, Tex.Civ.App., 189 S.W. 88. In the case of Lopez v. Naegelin et ux., Tex.Civ.App., 59 S.W.2d 844, certain machinery in a bakery was held exempt from execution although part of it was electrically operated. In Harris v. Townley, Tex.Civ.App., 161 S.W. 5, 6, the printing press of a small town weekly newspaperman which was operated by a gasoline engine was held to be exempt. The Court in that case said: "We think it is immaterial that the press in this case was not run by hand but by this gasoline engine." In Hinckley-Tandy Leather Co. et al. v. Hazelwood, Tex.Civ.App., 35 S.W.2d 209, the court held that a cobbler's finishing or shoe-polishing and grinding machine

operated by an electric motor was apparatus within the meaning of the exemption statute. In Fore et al. v. Cooper, Tex. Civ.App., 34 S.W. 341, the court held that the chairs, mirrors and tables of a barber were apparatus of trade and exempt from forced sale. In view of these authorities and many others upon the subject, we conclude that the property herein involved was exempt from forced sale.

The judgment is affirmed.