**J. W. HOOKER, Appellant,**

v.

**J. A. ROBERTS, Appellee.**

No. 3510.

Court of Civil Appeals of Texas.

Eastland.

Nov. 27, 1959.

Bradbury, Tippen & Brown, Abilene, for appellant.

Scarborough, Black & Tarpley, Abilene, for appellee.

GRISSOM, Chief Justice.

J. W. Hooker sued J. A. Roberts for conversion of property on which he had a mortgage lien. Roberts was the landlord of the person who executed the mortgage to Hooker and he asserted a landlord's lien against said property superior to that of the mortgagee. The court directed a verdict for Roberts and judgment was entered thereon. Hooker has appealed.

■ The first question that must be decided is whether the trial court had jurisdiction to render the judgment. The judgment was rendered and entered at the second term after the return of the verdict. Based upon the decision in Couch v. City of Richardson, Tex.Civ.App., 313 S.W.2d 949, 953 (R.N.R.E.), we hold that the court did have jurisdiction and the judgment was not void. Our Supreme Court could not have refused a writ in the Couch case if it had held the trial court did not have jurisdiction to render the judgment at the second term following return of the verdict.

■ Appellant's remaining points are that the court erred in directing a verdict for appellee because (1) appellant's mortgage lien was superior to appellee's landlord's lien and (2) the court should have held the cafe equipment exempt from the landlord's lien as essential tools of a trade. After directing a verdict, the court filed findings of fact and conclusions of law. In an attempt to support the points just mentioned, appellant relies upon facts found by the court. Under the circumstances, the court had no authority to make such findings and they cannot be considered by us in determining the correctness of appellant's contentions. Ditto v. Ditto Investment Co., Tex., 309 S.W.2d 219, 220; Farr v. Kirby Lumber Corp., Tex.Civ.App., 203 S.W.2d 815, 817; Cox v. Rhodes, Tex. Civ.App., 233 S.W.2d 924, 926; 41–B Tex.

**494**

Jur. 849; Rules of Civil Procedure, rule 296. There being no statement of facts, we are without facts essential to a decision of said points. However, if we could consider the question of exemption of the cafe equipment as apparatus of a trade, we would be required to hold that it is not exempt in compliance with the decision of our Supreme Court in Simmang v. Pennsylvania Fire Ins. Co., 102 Tex. 39, 112 S.W. 1044, which has never been overruled. See McMillan v. Dean, Tex.Civ.App., 174 S.W.2d 737, 740 (Ref. W. M.) and Lopez v. Naegelin, Tex.Civ.App., 59 S.W.2d 844. The judgment is affirmed.