**Raymond W. DAVIS, Appellant,**

**v.**

**Raymond SCHULTZ et ux., Appellees.**

**No. 15018.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 1, 1971.

Michael W. Wagner, San Antonio, for appellant.

Herbert W. Hill, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a suit by appellant, Raymond W. Davis, against appellees, Raymond Schultz and wife, for damages for alleged conversion arising out of the levy of execution, removal and sale of certain furniture, fixtures and other property used by appellant in the operation of a restaurant business. Motions for summary judgment were filed by both appellant and appellees. Appellees' motion for summary judgment was granted by the trial court and judgment entered that appellant take nothing.

The property involved was as follows: 20 tables, 72 chairs; stool behind cash register; all square counters; cash register-solid brass; carbonator; ice machine; refrigerated sandwich unit behind counter with compressor; stove with two burners, grill and oven; 2 glass upright refrigerators double door; triple stainless steel sink unit; hot dog machine; dishwasher with sink; shelves; glassware; silverware.

Appellant relies on the provisions of Article 3835, Vernon's Annotated Civil Statutes, which reads in part as follows:

*"Exempt to others than family*

"The following property shall be reserved to persons who are not constitutents [constituents] of a family, exempt from attachment, execution and every other species of forced sale: * * *

"3. All tools, apparatus and books belonging to any trade or profession."

Appellant asserts two points of error: (1) that the court erred in holding that the property levied on was not exempt property under the statute; and (2) that the court erred in granting appellees' summary judgment as there was a question of fact herein.

We have been cited no cases, nor have we found any, where cafe equipment of the type here involved has been held to be exempt. A case directly in point is Simmang v. Pennsylvania Fire Insurance Company, 102 Tex. 39, 112 S.W. 1044 (1908), where the owner of a cafe contended in a garnishment proceeding that certain equipment of the cafe, including a lunch counter, back counter, shelving, safe, stools, stove, fans, cash register, two ice boxes, crockery, table ware, linens, knives, forks, kitchen utensils, together with similar articles constituting the tools and apparatus of his trade or profession as a keeper of a restaurant, was exempt under the provisions of Article 2395, Subdivision 5, Revised Civil Statutes of Texas (1895) [which is now Article 3832, Revised Civil Statutes of Texas (1925)[1]], which provided in part as follows: "The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: * * * 5. All tools, apparatus and books belonging to any trade or profession." The Supreme Court, after stating the question: "Granting that the keeping of a restaurant is a trade within the meaning of the law, the question arises: Were the things insured 'apparatus,' as the term is used in the statute?"; held, "We conclude that the property which was destroyed by fire, and for which the insurance money was due from Pennsylvania Fire Insurance Company, was not exempt from forced sale * * *." (102 Tex. 39, 112 S.W. at 1045)

In Hooker v. Roberts, 330 S.W.2d 493 (Tex.Civ.App.—Eastland 1959, no writ), the Court said: "However, if we could consider the question of exemption of the cafe equipment as apparatus of a trade, we would be required to hold that it is not exempt in compliance with the decision of

our Supreme Court in Simmang v. Pennsylvania Fire Ins. Co., 102 Tex. 39, 112 S.W. 1044, *which has never been overruled.*" (Emphasis supplied.) 330 S.W.2d at 494

In Stone v. Schneider-Davis Company, 51 Tex.Civ.App. 517, 112 S.W. 133 (1908, no writ), appellant contended that certain property used in his restaurant business such as dishes, forks, cups and saucers, ranges, counters, stools and the like, was exempt from execution under Article 2397, Revised Civil Statutes of Texas (1895), which is now Article 3835, V.A.C.S. The court held: "Nor was the property levied upon exempt from execution as 'the apparatus and furniture belonging to the trade and business' of one engaged in the restaurant business. This exact question was decided adversely to appellant in the case of Frank v. Bean, 3 Willson, Civ.Cas.Ct.App. § 211. See, also, Heidenheimer Bros. v. Blumenkron, 56 Tex. 308; Bond v. Ellison, 2 Posey, Unrep.Cas. 388; Dodge v. Knight (Tex.) 16 S.W. 628; Mueller v. Richardson, 82 Tex. 363, 18 S.W. 693." (51 Tex.Civ.App. 517, 112 S.W. at 134)

Under the authority of Simmang v. Pennsylvania Fire Insurance Company, supra, we hold that the restaurant equipment here involved was not exempt from execution or forced sale, and that the trial court correctly granted appellees' motion for summary judgment.

The judgment of the trial court is affirmed.

CADENA, Justice (dissenting).

The discriminatory treatment of restaurant operators in connection with the interpretation of our exemption statutes apparently began with two decisions in 1882. In Heidenheimer Bros. v. Blumenkron, 56 Tex. 308, it was held that the exemption, applicable only to a family, of household and kitch-

---

1. Article 3832 applies to a family, and Article 3835 applies to persons who are not constituents of a family; but both articles contain the identical provision with regard to tools of a trade, to wit: "All tools, apparatus and books belonging to any trade or profession."

en furniture from forced sale did not apply to furniture which was not "on hand and used by" the family claiming the exemption. The fact that the furniture in question was being used in the operation of a hotel was merely alluded to for the purpose of supporting the conclusion that the furniture was not being used for the purpose contemplated by the exemption statute. This is made clear by the statement pointing out that it "is not reasonable that one hundred and sixteen mattresses and forty-six bedsteads should be exempted for a private family like that shown by the evidence." 56 Tex. at 314–315. At no point during the course of its opinion did the Supreme Court indicate that it was considering the contention that the property was exempt under the statutory provision exempting tools, apparatus or books belonging to any trade or profession.

The same is true of the other 1882 decision, Bond v. Ellison, 2 Posey Unrep.Cas. 387 (Tex.Com.Ct.), where the court, after pointing out that the appellant's assignments of error "are so vague that we will not notice them," and remarking that the court was not certain that it understood the meaning of the portion of the charge of which complaint was being made, said the exemption of household furniture applied only to "household and kitchen furniture of a family, used by them as a family," and that furniture kept in a hotel is not exempt from forced sale "by reason of the fact that the hotel-keeper is the head of a family." 2 Posey Unrep. Cases at 388.

Two years later the Court of Appeals, relying on Blumenkron, held that "furniture used in keeping a restaurant" is not exempt under the section of the statute exempting "household and kitchen furniture," and that "such property does not come within the meaning of 'tools' or 'apparatus,' as used in the statute of exemptions, and cannot be claimed as exempt under that clause of the statute." Frank v. Bean, 3 Willson, Civ.Cas.Ct.App., Sec. 211 (1886). While, as Justice Klingeman's opinion points out, this holding has not been departed from, no case has made any effort to examine the problem. I am disinclined to accept a gratuitous statement merely because it was made three quarters of a century ago. The ex cathedra statement made in Frank is no more persuasive than the undisclosed reasoning on which we must, out of deference to its antiquity, assume that it was based.

I would consider the question of exemption of restaurant equipment to be an open question at this time, and in view of the oft-repeated statements to the effect that our exemption statutes should be liberally construed in favor of the exemption, 25 Tex.Jur.2d, Exemptions, Sec. 5, pp. 7–9, I would hold that such equipment is exempt.[1]

1. It has never been satisfactorily explained why the baker's oven, counters and tables are exempt, Lopez v. Naegelin, 59 S.W.2d 844 (Tex.Civ.App.—Beaumont 1933, no writ), but the stove, tables and counters of the cafe operator are not. We have never been told why an electric fan, occasional chairs and a magazine rack in a beauty shop are exempt, McGehee v. Smith, 163 S.W.2d 730 (Tex. Civ.App.—Amarillo 1942, no writ), while an electric fan and tables in a restaurant are not. By what process do chairs and rugs, which are beyond the reach of the sheriff while they are in an attorney's office, McBrayer v. Cravens, Dargan & Roberts, 265 S.W. 694 (Tex. Comm'n App.1924, opinion adopted), become fair game for creditors when they are moved to a restaurant? Does a pool table, which is protected while it is a part of the equipment of a pool hall, Harris v. Todd, 158 S.W. 1189 (Tex.Civ. App.—Fort Worth 1913, no writ), lose its protected status if the operator of the pool hall installs a lunch counter? The same loss of exempt status would probably be the sad fate of an iron safe which is moved from the office of an insurance agent, where it is exempt, Betz v. Maier, 12 Tex.Civ.App. 219, 33 S.W. 710 (Austin 1896, no writ), to a restaurant.

The construction given to the statute by our courts cannot be classified as a liberal construction. In view of the cases referred to in the preceding paragraph, this construction cannot be defended as either reasonable or sensible.