**In re Maggie Marie BALDOWSKI, Debtor.**

Bankruptcy No. 195–10064–7.

United States Bankruptcy Court, N.D. Texas, Abilene Division.

Jan. 19, 1996.

Gary L. Hacker, Whitten & Young, P.C., Abilene, TX, for debtor.

Becky M. Fesmire, Lubbock, TX, for trustee.

## MEMORANDUM OF OPINION ON EXEMPTIONS

JOHN C. AKARD, Bankruptcy Judge.

The issue before the court is whether various items of personal property used by the Debtor in the operation of her restaurant are entitled to the "tools of the trade" exemption under Texas law. This court finds that these items may be claimed as exempt.[1]

### FACTS

Maggie Marie Baldowski (Debtor) filed for relief under Chapter 7 of the Bankruptcy Code on March 10, 1995. When the Debtor filed her petition, she operated a business known as "Maggie's Cafe" in Stamford, Texas. The Debtor claimed certain items of personal property, used in the restaurant for many years prior to the commencement of her bankruptcy case, as exempt under § 42.002(a)(4) of the Texas Property Code. Max R. Tarbox, the Trustee–in–Bankruptcy, filed objections to the following claimed exemptions: two booths, one cash register, two

dozen divided plates, two solid plates, one dozen platters, 46 knives, 46 forks, 25 spoons, five square-shaped tables, one round table, 20 chairs, two dozen glasses, and two dozen cups.

All personal property (including the disputed items) claimed as exempt by the Debtor does not exceed the $60,000 valuation limit on exempt personal property allowed to a family under TEX.PROP.CODE ANN. § 42.001(a)(1) (Vernon Supp.1995). The total value of Debtor's claimed exemptions is $3,000.

### POSITIONS OF THE PARTIES

The Trustee asserted that the disputed items in this case cannot be characterized as tools, equipment or apparatus of the Debtor's trade. Thus, under the authority of *Simmang v. Pennsylvania Fire Ins. Co.*, 102 Tex. 39, 112 S.W. 1044 (1908) and *Davis v. Schultz*, 474 S.W.2d 804 (Tex.Civ.App.—San Antonio 1971, no writ), the disputed items are not entitled to the "tools of the trade" exemption under § 42.002(a)(4) of the Texas Property Code.

The Debtor argued that because of the 1973 Amendment to the Texas personal property exemption statute, § 42.002(a)(4), *Simmang* and *Davis*, previous state case law regarding restaurant equipment, no longer constitute authoritative precedent. Thus, under Texas Property Code § 42.002(a)(4) as amended in 1973 and outlined by this court's recent decision, *In re Legg*, 164 B.R. 69 (Bankr.N.D.Tex.1994), the items of Debtor's personal property used in her restaurant business constitute tools, equipment or apparatus and, therefore, are exempt under state law.

### STATUTE

TEX.PROP.CODE ANN. § 42.002 (Vernon Supp.1995) states in pertinent part:

(a) The following personal property is exempt under Section 42.001(a):

. . . .

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(B).

(4) tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession.

## DISCUSSION

 The Debtor cites this court's opinion in *Legg* for the proposition that the "use test" applied in *Legg* is applicable to the facts in this case. The "use test" set out in *England v. First Nat'l Bank (In re England)*, 22 B.R. 389 (Bankr.N.D.Tex.1982), exempts those items which allow a debtor to conduct his trade or profession in approximately the same manner after bankruptcy as he did before bankruptcy. The "use test" has been applied in several decisions decided after the 1973 Amendment to § 42.002(a)(4). The Amendment substituted the word *"used* in a trade or profession" for *"belonging* to a trade or profession." The substitution has been interpreted by several courts, including this one, to remove the case-imposed requirement that tools of the trade be *peculiarly adapted to* the debtor's trade or profession. In *Legg,* this court held a Caterpillar front-end loader, a truck, and other equipment which the debtor regularly used for many years in his fertilizer business exempt from claims of creditors, even though the property was not peculiarly adapted to the debtor's fertilizer business. 164 B.R. at 73. In this case the Debtor asserts that the removal of the requirement should provide her with a result similar to this court's decision in *Legg.* Furthermore, the Debtor claims that the court should not follow *Simmang* and *Davis* in this case because both cases were decided prior to enactment of the 1973 Amendment.

 In *Simmang,* the Texas Supreme Court held the restaurant property used by the debtor in carrying on his restaurant business not exempt under Article 2395, Subdivision 5, Revised Civil Statutes of Texas (1895) which states in pertinent part:

> The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided:

. . . .

(5) All tools, apparatus, and books belonging to any trade or profession.

The *Simmang* court determined that keeping a restaurant was a "trade" within the meaning of the law. 112 S.W. at 1045. However, the court also stated that "such property does not come within the meaning of 'tools' or 'apparatus' as used in the exemptions...." *Id.* at 1045 (quoting *Frank v. Bean,* 3 Willson, Civ.Cas.Ct.App. 258 (1886)). Thus, the Debtor's argument that *Simmang* does not supply authoritative precedent due to the 1973 Amendment fails because the *Simmang* court did not deny the exemption based on whether the property was *peculiarly adapted to* the restaurant trade. Instead, the court focused on the *character* of the claimed restaurant property, rather than focusing on its use or adaptability to the restaurant trade. It denied the exemption because the property used by a restaurant operator was not considered "tools or apparatus." The property claimed as exempt must first be considered a tool, equipment, book or apparatus, including boats and motor vehicles, before its use or adaptability to a trade or profession becomes relevant. Therefore, the 1973 Amendment to the statute would not affect the analysis illustrated in *Simmang* and does not render its holding ineffective as authoritative precedent. Therefore, to determine whether to allow an exemption to the Debtor, this court will consider whether the property used by the restaurant operator *should* fall within any of the categories of property exemptible by statute.

The Trustee cites the 1971 case, *Davis v. Schultz,* 474 S.W.2d 804, in which the San Antonio Court of Appeals decided the most recent reported case involving a claim to exempt property used in carrying on a restaurant business. The *Davis* court denied an exemption right in restaurant property almost identical to the items disputed in this case.[2] The *Davis* court, citing *Simmang,* held the property used in the operation of the appellant's restaurant business not ex-

---

2. The property denied exemption in *Davis v. Schultz* included the following: 20 tables, 72 chairs, a cash register, glassware, silverware, an ice machine, a grill, an oven, a refrigerator, etc.

empt from execution because it did not constitute "tools or apparatus." *See Id. at 804.*

However, the dissent in *Davis*, written by Justice Cadena, points out that although *Simmang* held that furniture used in keeping a restaurant does not come within the meaning of tools or apparatus as used in the statute of exemptions, no case has made an effort to examine the issue.

> I am disinclined to accept a gratuitous statement merely because it was made three quarters of a century ago. The *ex cathedra* statement made in *Frank* is no more persuasive than the undisclosed reasoning on which we must, out of deference to its antiquity, assume that it was based.

*Davis*, 474 S.W.2d at 806 (Cadena, J., dissenting).

Finally, the Debtor cites *In re Nash*, 142 B.R. 148 (Bankr.N.D.Tex.1992) (farm equipment used in the business of farming exempted) and *Legg* (truck used in fertilizer business exempted) to illustrate the effects of the 1973 Amendment on the Texas exemption statute. This court does not rely on the cases cited by the Debtor because they do not pertain specifically to restaurant equipment. Thus, they are not applicable to the property at issue in this case.

It is clear, based on Texas case law, that courts have made a distinction between property used in a restaurant business and property used in other trades and professions. This court finds the previously mentioned distinction both discriminatory and no longer necessary. In *Davis*, the dissent appropriately questioned the logic and reasonableness of the differences associated with denying the "tools of the trade" exemption to restaurant operators while allowing it for similar property used in a different trade or profession.

> It has never been satisfactorily explained why the baker's oven, counters and tables are exempt, *Lopez v. Naegelin*, 59 S.W.2d 844 (Tex.Civ.App.—Beaumont 1933, no writ), but the stove, tables and counters of the cafe operator are not. We have never been told why an electric fan, occasional chairs and a magazine rack in a beauty shop are exempt, *McGehee v. Smith*, 163 S.W.2d 730 (Tex.Civ.App.—Amarillo 1942,

no writ), while an electric fan and tables in a restaurant are not. By what process do chairs and rugs, which are beyond the reach of the sheriff while they are in an attorney's office, *McBrayer v. Cravens, Dargan & Roberts*, 265 S.W. 694 (Tex. Comm'n App.1924, opinion adopted), become fair game for creditors when they are moved to a restaurant? Does a pool table, which is protected while it is part of the equipment of a pool hall, *Harris v. Todd*, 158 S.W. 1189 (Tex.Civ.App.—Fort Worth 1913, no writ), lose its protected status if the operator of the pool hall installs a lunch counter? The same loss of exempt status would probably be the sad fate of an iron safe which is moved from the office of insurance agent, where it is exempt, *Betz v. Maier*, 12 Tex.Civ.App. 219, 33 S.W. 710 (Austin 1896, no writ), to a restaurant.

> The construction given to the statute by our courts cannot be classified as a liberal construction. In view of the cases referred to in the preceding paragraph, this construction cannot be defended as either reasonable or sensible.

*Davis*, 474 S.W.2d at 806 (Cadena, J., dissenting).

■ Tracing the evolution of the Texas exemption statute, it is apparent that the Legislature continually expanded the statute to cover more property. Texas exemption statutes should be liberally construed. *See, e.g., In re Peters*, 91 B.R. 401 (Bankr. W.D.Tex.1988); 17 Tex.Jur.3d *Exemptions*, § 5 (1982). Thus, under a more modern and inclusive approach, the property used in a restaurant should be considered "tools of the trade" and entitled to exemption under § 42.002(a)(4).

From previous case law it appears that the discriminatory treatment of the restaurant operator is based on a rationale that has prevented an exemption of property used by hotel operators in their business. In *Heidenheimer Bros. v. Blumenkron*, 56 Tex. 308 (1882), the Texas Supreme Court held that the exemption of household and kitchen furniture, applicable to a family, did not apply to furniture which was not "on hand and used"

by the family claiming the exemption.[3] The court stated that it was "not reasonable that one hundred and sixteen mattresses and forty-six bedsteads should be exempted for a private family." 56 Tex. at 314–315.

Similarly, in another 1882 decision, *Bond v. Ellison,* 2 Posey Unrep.Cas. 387 (Tex.Com. Ct.), referring to furniture kept in a hotel, the court stated that the exemption of household furniture applied only to "household and kitchen furniture of a family, used by them as a family." 2 Posey Unrep.Cases at 388. Thus, these two cases were decided on the premise that property claimed as exempt should be reasonably necessary for and utilized by the family claiming the exemption.

Previous Texas exemption statutes contained a clause that made property eligible for exemption if it was "reasonably necessary for the family or single adult." TEX.PROP. CODE ANN. § 42.002(3) (Vernon 1984). Inclusion of this clause signified the Legislature's reluctance to allow, for example, 1,000 beds to be claimed as exempt by a hotel operator or 10 tables and 300 cups to be claimed as exempt by a restaurant operator because the average family would not require such large quantities of the same items.

■ Since the decisions in *Heidenheimer* and *Bond,* the Legislature, in a 1991 Amendment, broadened the Texas exemption statute by deleting the requirement that tools of the trade be "reasonably necessary for the family." This court interprets the change as a signal to the courts to focus less on whether the property can be utilized by a family in its individual and private capacity and more on whether the property is necessary to carry on the business. The property claimed by the Debtor: booths, a cash register, plates, platters, knives, forks, spoons, tables, chairs, and glasses, are all used by restaurant operators and are all necessary to carry on the business. The number of each item and its use to a private family should not be considered in determining whether an exemption should be allowed. Thus, under a more modern and inclusive approach this court finds the exemption should be allowed.

The statute considered by the *Heidenheimer* and *Bond* courts contained no monetary limit on the amount of property that could be claimed as exempt. Thus, these courts may have been concerned with the possibility that the statute could be used to create a windfall for the operator of a large restaurant or grand hotel, based on the potential for large quantities being claimed as exempt. Denying the exemption to restaurant operators on this basis is necessary under the 1991 Amendment to the statute which established a new monetary limitation preventing a family from claiming an exemption that exceeds $60,000. Limiting the value of exemptible property to $60,000 prevents a windfall and eliminates the remaining reason for denying the exemption.

The issue ignored in *Heidenheimer* and *Bond* is that the beds of a hotel and, similarly, the tables and plates of the restaurant are the tools, equipment, and apparatus of the respective owners and are necessary to carry on the business as done before the attachment, execution or other species of forced sale. A restaurant is a place which serves meals to the public and, thus, would not be successful without the items claimed by the Debtor. Therefore, because each item claimed by the Debtor is used regularly to perform its function of providing food to the public it is necessary to carry on the business and must be exemptible. Finally, this court finds no rational basis for denying an exemption in the claimed restaurant property which would otherwise be exemptible in a different trade or business. Therefore, the property claimed by the Debtor falls within the meaning of tools and apparatus and is exemptible under the statute.

## CONCLUSION

Based on Amendments made to the Texas exemption statute, which significantly change its meaning from the statute considered by the courts in *Simmang* and *Davis,* this court finds that the disputed items used in the Debtor's restaurant business are entitled to

---

**3.** In this case the Texas Supreme Court did not consider the possibility of exempting this property under the clause of the statute exempting tools, apparatus or books belonging to any trade or profession.

the "tools of the trade" exemption under § 42.002(a)(4) of the Texas Property Code.

ORDER ACCORDINGLY.[4]

4. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED. R.BANKR.P. 7052 which is made applicable to Contested Matters by FED.R.BANKR.P. 9014. This Memorandum will be published.