**In re Rudy J. & Margie R. HERNANDEZ, Debtors.**

**Bankruptcy No. 88–10965–FM.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

July 16, 1991.

**62**

Frederick E. Walker, Austin, Tex., for debtor.

## MEMORANDUM OPINION ON TRUSTEE'S OBJECTION TO EXEMPTIONS

FRANK R. MONROE, Bankruptcy Judge.

The Court held a hearing on June 10, 1991 upon the Trustee's Objection to Exemptions. This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a), (b) and (d), 28 U.S.C. § 157(a) and the standing Order of Reference in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Based upon the pleadings, the record established at the hearing, the legal authority cited by the parties, and the Court's own independent research, the Court enters this Memorandum Opinion which shall constitute Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052.

*Findings of Fact*

1. The Debtors have sought to exempt under Texas Property Code § 42.002(3)(B) as tools of trade the following items of property:

| | Item | Value |
|---|---|---|
| A. | 1978 Ford Pickup (wrecked) | $ 200.00 |
| B. | 1974 International Dump Truck | $1,500.00 |
| C. | 2-Goose Neck Trailers | $1,000.00 |
| D. | 1978 Caterpillar 931 Tractor | $4,000.00 |
| E. | 1975 Huber Motor Grader | $3,000.00 |
| F. | Blow Knox Paver | $3,000.00 |
| G. | 1981 Ral Mal Roller | $1,000.00 |
| H. | Stock Trailer | $ 300.00 |
| I. | 1974 Belarius Tractor | $1,000.00 |
| J. | Small miscellaneous tools | $ 50.00 |

2. At the date of hearing of the Trustee's Objection, the Debtors had amended their exemptions to claim the 1974 International Dump Truck as exempt as a means of travel under § 42.002(4)(H), which amendment and consequent exemption has not been contested by the Trustee.

3. All of the items listed in the first paragraph except the wrecked pickup are presently used by the Debtor in his paving business.

4. Debtor's paving business is a sole proprietorship and is the chosen trade by which the Debtor earns a living for himself and his family.

5. The Caterpillar Tractor, the Huber Motor Grader, the Blow Knox Paver, and the Ral Mal Roller are not licensed vehicles and are therefore not authorized to travel upon the highways and roads of the State of Texas.

6. The two goose neck trailers and the stock trailer are licensed vehicles. The

trailers are used to haul various of the items of equipment listed in paragraph 5 to and from job sites.

7. The Belarius tractor is basically a farm tractor with a box scraper attached to the rear end.

8. The Debtor maintains two or three employees depending upon his ability to obtain paving work.

9. The 1978 wrecked Ford pickup was sold by the Debtor for parts without any court order and without the Trustee's approval.

### Issue

Which, if any, of the above listed items of property qualify as tools of trade for the Debtor?

### Conclusions of Law & Discussion

§ 42.002(3)(B) of the Texas Property Code provides an exemption for personal property in the nature of "tools, equipment, books, and apparatus, . . . . used in a trade or profession". Also, the property must be "reasonably necessary for the family . . .". Tex.Prop.Codes Ann., § 42.-002(3)(B) (Vernon, 1988).

The Fifth Circuit citing state court decisions has interpreted this as requiring "that the exemption must be of tools or apparatus *fairly belonging to or usable in the trade,* that it may not be extended to articles such as furniture and fixtures and other equipment which have a merely general value and use in setting up a business establishment". *Meritz v. Palmer,* 266 F.2d 265, 268–9 (5th Cir.1959) (emphasis added). Other courts seem to have focused upon the "fairly belonging to" portion of the emphasized language as opposed to the "usable in" portion as shown by the following quote. "[T]his exemption does not cover everything that is useful in a business but only items that are peculiarly adapted to a trade or business". *In re Leva,* 96 B.R. 723, 739 (Bankr.W.D.Tex.1989) (quoting *In re Weiss,* 92 B.R. 677, 679 (Bankr. N.D.Tex.1988)). *Hernandez v. Borjas,* 734 S.W.2d 776 (Tex.App.—Ft. Worth 1987).

With regard to the 1978 Ford pickup, since it is wrecked, it is hard to see how that item fairly belongs to or is usable in the Debtor's trade. Accordingly, the exemption claimed for the 1978 wrecked Ford pickup as a tool of trade will be denied.

The 1978 Caterpillar 931 tractor, the 1974 Huber Motor Grader, the Blow Knox paver, and the 1981 Ral Mal Roller are items of equipment which are "fairly belonging to or usable in" the paving trade. They also are generally suitable for and peculiarly adapted to the paving trade. Accordingly, they will be allowed as exempt tools of the trade. The fact that these items are relatively expensive or high dollar items is irrelevant. The 1973 revision of the exemption statute was amended to include equipment in addition to simply tools and apparatus and, therefore, "indicates a legislative intent to broaden the category of exempt items." *In re England,* 22 B.R. 389 (Bankr.N.D.Tex.1982). And since these items of equipment are also reasonably necessary for the Debtor and his family, they should be allowed as exempt.

The two goose neck trailers and the one stock trailer, are vital to the Debtor's paving business; not just useful to it. Although it can be said that they are not peculiarly adapted solely to the paving business (they could be used in farming, ranching, or any construction business), the inquiry should not stop there. These trailers are not only used by the Debtor in his paving business, they are required for his business to operate. Without them he cannot get his equipment to and from the job site. Therefore, they fall within the "usable in" language of *Meritz v. Palmer.* Accordingly, they should be allowed as exempt in line with the Texas Supreme Court's directive that "our exemption laws should be liberally construed in favor of express exemptions, and should never be restricted in their meaning and effect so as to minimize their operation upon the beneficent objects of the statutes. Without doubt the exemption would generally be resolved in favor of the claimant." *Hickman v. Hickman,* 149 Tex. 439, 234 S.W.2d

410 (1950) citing *Carson v. McFarland,* 206 S.W.2d 130, 132 (Tex.Civ.App.—San Antonio 1947, writ ref'd.). Therefore the trailers will be allowed as exempt tools of the trade.

■ The 1974 Belarius tractor is essentially a farm tractor. Although it is useful to this Debtor's paving business, it is not vital to this Debtor's business nor is it peculiarly adapted to or generally usable in the paving industry in general. Therefore, it only has general value to and use in the Debtor's paving business and under *Meritz v. Palmer* is not allowable as exempt as a tool of trade. However, the box scraper on the rear of the tractor is peculiarly adapted to the paving business and it will be allowed as exempt.

The miscellaneous small tools will also be allowed as exempt as they are within the statutory definition and are not contested by the Trustee.

A separate order of even date will be entered herewith.