**Pat MELTON; Bonnie Melton, a marital community, Plaintiffs–Appellants,**

v.

**Floyd Randall MOORE, aka F. Randall Moore, aka Randy Moore, dba Randy's Automotive, Defendant–Appellee.**

No. 91–35080.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 1991 *.

Decided Jan. 13, 1992.

Opinion withdrawn Feb. 24, 1992.

Resubmitted April 27, 1992.

Filed May 15, 1992.

John K. Davis, Weinstein, Hacker & Matthews, Seattle, Wash., for plaintiffs-appellants.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.

R.App.P. 34(a); 9th Cir.R. 34–4.

Stephen K. Kortemeier, Loucks & Lamb, Seattle, Wash., for defendant-appellee.

Before: WRIGHT, THOMPSON and T.G. NELSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

In *Grogan v. Garner*, — U.S. ——, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991), the Supreme Court held that the standard of proof for the dischargeability exceptions contained in section 523(a) of the Bankruptcy Code is the ordinary preponderance of the evidence standard, rather than the clear and convincing standard. In this appeal, we decide whether we should apply the preponderance of the evidence standard retroactively.

We have jurisdiction under 28 U.S.C. § 158(d). We hold that the Supreme Court's decision in *James B. Beam Distilling Co. v. Georgia*, — U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (*Jim Beam*) requires retroactive application of the *Grogan* rule in this case. Accordingly, we remand this case to the district court for remand to the bankruptcy court for further proceedings.

## FACTS

Perry S. Griggs induced Floyd Randall Moore to participate with him in a used telephone systems business to be known as "Intertel." Moore was to solicit money from investors and Griggs was to use the money to buy telephone systems and operate the business. Moore raised the money, but Griggs kept it for himself, except to the extent he used investors' funds to create the illusion of an ongoing business enterprise.

Griggs eventually went to jail and Moore went into bankruptcy. Two investors who lost money in the fraudulent scheme were

Pat and Bonnie Melton. They brought suit in Moore's bankruptcy seeking a determination that an $80,000 loan they made to Intertel, which was evidenced by a promissory note signed by Moore, was a debt owed by Moore and was nondischargeable in his bankruptcy under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).

After a two-day trial, the bankruptcy court held that any obligation from Moore to the Meltons was a dischargeable debt. The Meltons appealed to the district court, which affirmed.

In this appeal, the Meltons argue that *Grogan* entitles them to a new trial because when they tried their case in the bankruptcy court they were required to prove their section 523(a) dischargeability exception by clear and convincing evidence.[1]

In an opinion filed January 13, 1992, we held that *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), did not require us to apply *Grogan* retroactively. We withdrew that opinion by an order filed February 24, 1992, and ordered the parties to file supplementary briefs discussing whether *Grogan* should be applied retroactively in view of the Supreme Court's decision in *Jim Beam*. Those briefs have been filed, and we have resubmitted this case for decision.

## DISCUSSION

In *Jim Beam*, the Supreme Court substantially revised its civil retroactivity jurisprudence. *See Jim Beam*, 111 S.Ct. at 2445–48. The Court held that "it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so," *id.* at 2446, because "principles of equality and *stare decisis* ... prevail[ ] over any claim based on a *Chevron Oil* analysis." *Id.* Accordingly, once a court "has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by

---

1. Although the bankruptcy court's decision does not state what standard of proof the Meltons were required to meet, we assume it was the clear and convincing standard because this was the standard required at the time of the bankruptcy court trial. *See Lock v. Scheuer (In re Scheuer)*, 125 B.R. 584, 588 (Bankr.C.D.Cal. 1991).

procedural requirements or res judicata." *Id.* at 2448.

■ *Grogan* did not establish a new evidentiary or substantive rule of law; however, it announced a procedural change in the standard of proof required to prove nondischargeability under 11 U.S.C. § 523(a). *See Grogan,* 111 S.Ct. at 661. *Grogan* overruled a long line of decisions in the Ninth Circuit which had held that the burden of proof in dischargeability proceedings under 11 U.S.C. § 523(a) is clear and convincing evidence. *See In re Scheuer,* 125 B.R. at 588 (standard of proof used in Ninth Circuit dischargeability exception proceedings prior to *Grogan* was clear and convincing evidence).

The threshold inquiry we face in determining whether to give *Grogan* retroactive effect, is whether the Supreme Court applied the rule it announced in *Grogan* to the parties in that case. If so, *Jim Beam* dictates that the rule be applied retroactively to unbarred similar cases. *See id.* at 2447–48 ("Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application.").

Although *Grogan* did not expressly address the question of retroactivity, the effect of the Court's reversal of the court of appeals' judgment was to give the parties the benefit of the rule that the preponderance of the evidence standard applied. *See Grogan,* 111 S.Ct. at 661. Thus, the Court in *Grogan* did apply the rule retroactively to the litigants before it.

Moore argues that the present case is distinguishable from *Grogan* and thus the *Grogan* rule is inapplicable. We disagree. Both *Grogan* and this case turn on the pivotal issue whether the claimants, both creditors, were required to prove their claims of nondischargeability by a preponderance of the evidence or by the higher standard of clear and convincing proof. In *Grogan,* the creditor had obtained a state court judgment by establishing a ground of nondischargeability according to the pre-ponderance of the evidence standard. Here, the Meltons submitted proof of their asserted ground of nondischargeability, but the bankruptcy court did not say what standard it applied in finding that they had failed to establish their claim. Under *Jim Beam,* this case is sufficiently similar to *Grogan* to require retroactive application of the *Grogan* rule.

■ To ensure that the Meltons receive the benefit of *Grogan*'s new rule, just as the litigants in *Grogan* did, we remand this case to the district court for remand to the bankruptcy court to determine whether the Meltons proved their claim of nondischargeability by a preponderance of the evidence. *See Luce v. First Equip. Leasing Corp. (In re Luce),* 960 F.2d 1277, 1281 (5th Cir.1992) (because *Jim Beam* requires *Grogan* to be applied retroactively, section 523 claims must be remanded to determine whether the creditor sustained its burden of proof under the preponderance standard announced in *Grogan*).

REVERSED and REMANDED.