**In re Woodrow Wilson NASH and wife, Blanche Crayton Nash, Debtors.**

**Bankruptcy No. 592–50142–7.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

July 9, 1992.

---

**4.** Bankruptcy Judge Leif Clark of the Western District of Texas would refer to this as the "tain't fair" rule.

**5.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052. This Memorandum will be published.

Joseph F. Postnikoff, Brian Quinn, McWhorter, Cobb & Johnson, L.L.P., Lubbock, Tex., for debtors.

John Walz, Sp. Asst. U.S. Atty., Small Business Admin., Lubbock, Tex., for SBA.

## MEMORANDUM OF OPINION ON DEBTORS' MOTION TO AVOID LIENS

JOHN C. AKARD, Bankruptcy Judge.

The question presented in this case is whether valid, nonpurchase-money, nonpossessory liens on farm equipment may be avoided under § 522(f)(2)(B) of the Bankruptcy Code where such equipment was claimed as exempt under Texas law.[1] If the United States Supreme Court opinion of *Owen v. Owen,* — U.S. —, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) is applied retroactively, if the farm equipment is exempt under Texas law, and if the equipment is considered "tools of the trade"[2] under the federal lien avoidance statute,

---

**1.** The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

**2.** This phrase will be used throughout the opinion to refer to "implements ... tools, of the

trade of the debtor ...," as found in 11 U.S.C. § 522(f)(2)(B); and as found in "tools, equipment ... used in a trade or profession...." as found in Tex.Prop.Code Ann. § 42.002(a)(4) (Vernon Supp.1992).

the debtors may avoid the liens.[3] The court finds that it should apply *Owen v. Owen* retroactively, and that the liens on debtors' farm equipment may be avoided under § 522(f)(2)(B).

### FACTS

The facts of this case are not in dispute. Woodrow Wilson Nash and Blanche Crayton Nash (the Debtors) are farmers as that term is defined in § 101(20) and are engaged in the business of farming. Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code on March 2, 1992. The Debtors filed an amended Schedule of Exemptions on May 8, 1992, claiming the following property as exempt under Texas law as tools of the trade and providing the following values for each item:

| | EQUIPMENT | VALUE |
|---|---|---|
| 1 | John Deere Tractor 4640 | $20,000.00 |
| 1 | John Deere Tractor 4240 | 15,000.00 |
| 2 | 10–Row Planters | 1,000.00 |
| 1 | 5–Row Chisel Plow | 400.00 |
| 2 | 10–Row Comb. Plow | 1,000.00 |
| 1 | 4–Row Shredder | 1,700.00 |
| 1 | 21′ Field Cultivator | 600.00 |
| 2 | 83 John Deere Strippers | 2,000.00 |
| 1 | 10–Row Rotary Hoe | 600.00 |
| 1 | 21′ Rake | 250.00 |
| 1 | 550–Gallon Chisel Tank | 350.00 |
| 17 | Cotton Trailers | 4,250.00 |
| 1 | Blade | 200.00 |
| | TOTAL[4] | $47,350.00 |

At the time of filing for relief, the Debtors owed the United States Small Business Administration (SBA) approximately $198,849.08, secured by duly perfected, valid nonpurchase-money, nonpossessory liens on the above-described property. They filed their motion to avoid the SBA's liens on the farm machinery and equipment on March 6, 1992.

### POSITIONS OF THE PARTIES

The Debtors argued that by retrospective application of *Owen v. Owen,* the SBA's liens on the above described farm equipment may be avoided since these liens impair exemptions to which they would have been entitled but for the liens themselves. *Owen,* —— U.S. at ——– ——, 111 S.Ct. at 1836–37. The Debtors claimed that according to Tex.Prop.Code Ann. § 42.002(a)(4) (Vernon Supp.1992), the farm machinery and equipment would be exempt as tools of the Debtors' trade but for the SBA's liens. It is property "fairly belonging to or usable in the trade" of farming under the test promulgated in *Meritz v. Palmer* (*In re Meritz*), 266 F.2d 265, 268 (5th Cir.1959). Therefore, they concluded that the liens on their farm equipment may be avoided.

The SBA argued the *Owen* case should not be applied retroactively to the facts of this case according to the test enunciated in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). Additionally, the SBA claimed that liens on *two* tractors should not be avoided under § 522(f)(2)(B) since two tractors were not reasonably necessary to the trade of farming. Further, the SBA argued that the farm equipment did not constitute tools of the trade as the phrase is interpreted under § 522(f)(2)(B). It concluded, therefore, that the Debtors could not avoid the liens.

### STATUTES

Section 522(f) states in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . .

---

**3.** This court has jurisdiction of this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), and (O).

**4.** The total personal property claimed as exempt by the Debtors did not exceed the $60,000 personal property exemption allowed by Tex.Prop. Code Ann. § 42.001(a)(1) (Vernon Supp.1992).

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor....

Tex.Prop.Code Ann. § 42.002(a) (Vernon Supp.1992) states in pertinent part:

(a) "The following personal property is exempt under Section 42.001(a):

. . . .

(3) farming or ranching vehicles and implements;

(4) tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession...."

## DISCUSSION

### Retroactivity of *Owen*

In *Owen v. Owen*, the United States Supreme Court announced the following rule to determine whether a lien may be avoided under § 522(f): "[A]sk not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself." *Owen*, — U.S. at — – —, 111 S.Ct. at 1836–37. Prior to this decision, courts have held that lien-encumbered property may not qualify for an exemption under Texas law and liens on that property may not be avoided. *See, e.g., Bessent v. United States (FMHA)* (*In re Bessent*), 831 F.2d 82 (5th Cir.1987); *Allen v. Hale County State Bank* (*In re Allen*), 725 F.2d 290 (5th Cir.1984). The *Owen* decision overruled these cases with respect to the ability of the debtor to avoid these liens. *In re Kelly*, 133 B.R. 811, 813 (Bankr.N.D.Tex.1991).

The SBA urged the court to refrain from applying the *Owen* decision retroactively, asserting that the test prescribed in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) should be followed to determine retrospective application. *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355–56. However, the applicability of the *Chevron Oil* test has been severely limited by the recent United States Supreme Court decision in *James B. Beam Distilling Co. v. Georgia*, — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). *See, Murray v. Anthony J. Bertucci Constr. Co., Inc.*, 958 F.2d 127, 132 (5th Cir.1992); *Melton v. Moore* (*In re Moore*), 964 F.2d 880 (9th Cir.1992).

According to *Beam*, the threshold question for retroactive application is whether the Supreme Court applied the *Owen* rule to the parties in the *Owen* case. *Luce v. First Equipment Leasing Corp.* (*In re Luce*), 960 F.2d 1277, 1281 (5th Cir.1992). "[O]nce retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application." *Luce*, 960 F.2d at 1281 (quoting *Beam*, — U.S. at — – —, 111 S.Ct. at 2447–48). Although *Owen* did not overtly address the retroactivity issue, nor reserve the question of whether its holding applied to the parties before it, the case is to be read as "following the normal rule of retroactive application in civil cases." *See Luce*, 960 F.2d at 1281 (applying the *Beam* retroactivity test to *Grogan v. Garner*, — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Accordingly, this court will give the *Owen* rule retroactive effect as dictated by *Beam*, and will apply it to the facts of this case.

### Lien Avoidance

#### 1. "Tools of the Trade" Exemption in Texas

To apply § 522(f) under *Owen*, the court must ask whether the Debtors would be entitled to an exemption on their farm equipment if it were not encumbered by the SBA's liens. *Owen*, — U.S. at — – —, 111 S.Ct. at 1836–37. Since the Debtors elected to use the Texas exemptions, the question becomes whether this farm machinery and equipment is exempt under Tex.Prop.Code Ann. § 42.002(a)(4) (Vernon Supp.1992). The Debtors indicated on their amended Schedule of Exemptions that the farm equipment would be exempt under

either (a)(3) (farming and ranching vehicles and implements) or (a)(4) (tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession). However, in their brief prepared for the court, the Debtors limited their discussion to the proposition that the farm machinery should be held exempt as tools of the trade for purposes of lien avoidance. An exemption as tools of the trade would be the only basis for lien avoidance under § 522(f)(2)(B). *Hrncirik v. Farmers Nat'l Bank (In re Hrncirik)*, 138 B.R. 835, 840 n. 5 (Bankr.N.D.Tex.1992).

■ Items are tools of the trade in Texas if they are "fairly belonging to or usable in the trade" of farming. *Meritz v. Palmer (In re Meritz)*, 266 F.2d 265, 268 (5th Cir.1959). Only items that are "peculiarly adapted to" the debtor's trade or profession are exempt as tools of the trade under the Texas exemption statutes. *See, Hrncirik*, 138 B.R. at 840 (pickup truck not peculiarly adapted to farming trade); *In re Swift*, 124 B.R. 475, 481 (Bankr.W.D.Tex. 1991) (equipment, furniture and fixtures not peculiarly adapted to the trade of insurance agent); *In re Leva*, 96 B.R. 723, 789 (Bankr.W.D.Tex.1989) (telephone and hand-held recorder not peculiarly adapted to debtor's trade); *In re Weiss*, 92 B.R. 677, 679 (Bankr.N.D.Tex.1988) (five trailers not peculiarly adapted to debtor's trade). Thus, an item of only general value and use to debtor's business is not exempt under Texas law, nor is it subject to lien avoidance. *Meritz v. Palmer*, 266 F.2d at 268; *In re Neal*, 140 B.R. 634, 637 (Bankr. W.D.Tex.1992). *Swift*, 124 B.R. at 481. Furthermore, there is no longer a requirement that the tools of the trade exemption only apply to small hand tools or tools of inconsequential value. *See, Hrncirik*, 138 B.R. at 839–40 (large farm items may be peculiarly adapted to farming); *In re Hernandez*, 131 B.R. 61, 63 (Bankr.W.D.Tex. 1991) (two goose-neck trailers, a stock trailer and a box scraper exempt).

■ It is apparent that the farm tractors and other equipment the Debtors have claimed as exempt are "peculiarly adapted" to the trade of farming. *See, Hrncirik*,

138 B.R. at 840. For, "[a] tractor is a necessary 'implement' of a farmer's trade under any historical or common sense understanding of the term." *Central Nat'l Bank & Trust Co. v. Liming (In re Liming)*, 797 F.2d 895, 901 (10th Cir.1986).

■ In addition, the Texas exemption statutes were amended in May, 1991. Act of May 24, 1991, Ch. 175, § 1, 1991 Tex. Sess.Law Serv. 789, 792 (Vernon). Prior to the amendments, tools of the trade were not exempt unless the property was "reasonably necessary for the family or single adult." Tex.Prop.Code Ann. § 42.002(3)(B) (Vernon 1984). The test under this statute was whether the item was used with sufficient regularity to indicate an actual use by the debtor. *Hrncirik*, 138 B.R. at 840. After the amendments, however, tools of the trade were no longer required to be reasonably necessary for the family to qualify as exempt. Since this case was filed after the effective date of the amendments, the only requirement for exemption is that the farm equipment fit within the category of "tools ... used in a trade or profession." *See, e.g., In re Griffin*, 139 B.R. 415, 416 (Bankr.W.D.Tex.1992). Thus, under present law, it is not necessary for the Debtors to show that the tractors were in regular use to be exempt under Texas law.

The court holds that the Debtors' farm equipment qualifies as tools of the trade under Texas' exemption statutes, thus satisfying the *Owen* rule necessary for the Debtors to avoid SBA's liens.

### 2. Tools of the Trade Under § 522(f)(2)(B)

■ Although it has been determined that the farm equipment would be exempt under Texas law if not encumbered by liens, the SBA argued that for its liens to be avoided, the farm machinery and equipment must be a type of property listed under § 522(d) and (f). Thus, the SBA argued that under § 522(f)(2)(B), the phrase "tools of the trade" did not include large pieces of machinery and equipment.

There is a split of authority on how the phrase "tools of the trade" is to be interpreted under the federal lien avoidance statute. One line of cases has limited the phrase to items such as small hand tools and those of inconsequential value. *See, e.g., In re Harrell,* 72 B.R. 107, 111 (Bankr. N.D.Ala.1987); *In re Trainer,* 56 B.R. 21, 23 (Bankr.S.D.Tex.1985); *O'Neal v. United States (FMHA) (In re O'Neal),* 20 B.R. 13, 16 (Bankr.E.D.Mo.1982).

There is discussion in legislative history that § 522(f)(2)(A) was meant to apply to items of only limited resale value. H.R.Rep. No. 595, 95th Cong., 2d Sess. 126–127 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6087–88. However, this section of the Bankruptcy Code refers only to household goods. § 522(f)(2)(A). Still, some courts have used this legislative history to justify a limitation on tools of the trade in § 522(f)(2)(B) to small hand tools. *See, e.g., Harrell,* 72 B.R. at 111; *Trainer,* 56 B.R. at 23; *O'Neal,* 20 B.R. at 16. Reliance upon discussion of § 522(f)(2)(A) is misplaced, for tools of the trade are "distinct in kind and purpose from personal items held for household use." *In re Neal,* 140 B.R. 634, 639 (Bankr.W.D.Tex.1992). Additionally, the legislative history reveals no intent by Congress to limit items under § 522(f)(2)(B) to small hand tools of inconsequential value. H.R.Rep. No. 595, 95th Cong., 2d Sess. 126–127, 362 (1977), *reprinted in* U.S.C.C.A.N. 5787, 6087–88, 6318.

Other cases have pointed to the $750 federal limitation in § 522(d)(6) on exemptions for "tools of the trade" as authority for their holdings that only small value items are included under § 522(f)(2)(B). *See, e.g., In re Yparrea,* 16 B.R. 33, 34 (Bankr.D.N.M.1981); *Sweeney v. Pacific Finance Co. (In re Sweeney),* 7 B.R. 814, 818–19 (Bankr.E.D.Wisc.1980). Yet, this language is omitted from the lien avoidance statute, indicating that Congress did not wish to include such a limitation under § 522(f)(2)(B). *In re Neal,* 140 B.R. 634 (Bankr.W.D.Tex.1992).

■ The SBA argued that the Debtors cannot avoid liens on both tractors even if large items of farm equipment are included under § 522(f)(2)(B). It concluded that liens can be avoided only on items reasonably necessary to the debtors' trade and only one tractor is reasonably necessary. Cases have held that the reasonably necessary requirement applies to § 522(f)(2)(B). *PCA v. LaFond (In re LaFond),* 791 F.2d 623, 627 (8th Cir.1986); *Seacord v. Commerce Bank (In re Seacord),* 7 B.R. 121, 123 (Bankr.W.D.Mo.1980). However, these cases rely on a universal federal definition for tools of the trade pursuant to § 522(f)(2)(B).

"[A]lthough a state may elect to control what property is exempt under state law, federal law determines the availability of lien avoidance under § 522(f) of the Code." *Kelly,* 133 B.R. at 813. However, § 522(f)(2)(B) refers to both the federal exemption and the corresponding state exemption, depending upon how the debtor elects under § 522(b)(2)(A). *In re Thompson,* 867 F.2d 416, 420 (7th Cir.1989). The plain language of the statute refers to both state and federal law. § 522(f). This precludes a finding of one federal definition for tools of the trade. *See, In re Neal,* 140 B.R. 634, 641 (Bankr.W.D.Tex.1992). The court concludes that a single definition of reasonable necessity is not warranted under § 522(f)(2)(B).

The court chooses to follow that line of cases which holds that the phrase "tools of the trade" takes on the character of the statute providing the exemptions, be it federal or state. *See, e.g., Thompson,* 867 F.2d at 420–21; *Liming,* 797 F.2d at 899–901; *Augustine v. United States (In re Augustine),* 675 F.2d 582, 586 (3d Cir. 1982); *In re Stallsworth,* 133 B.R. 470, 475 (Bankr.S.D.Ind.1991). This broad interpretation of the section fulfills the intent of the framers of the Code to provide debtors with a "fresh start." H.R.Rep. No. 595, 95th Cong., 1st Sess., 362, 366–67 (1977) *reprinted in* U.S.C.C.A.N. 5787, 6318, 6322.

Support for this view is indicated by Texas cases, as well. *See, In re Neal,* 140 B.R. 634, 641 (Bankr.W.D.Tex.1992) (So long as the tools otherwise qualify for exemptions

under subsection (b) [of § 522], which includes both state and federal exemptions, they are eligible for lien avoidance); *Hrncirik*, 138 B.R. at 839 (voidability of liens is determined by whether the items qualify as tools of the trade under § 42.002).

For the foregoing reasons, this court holds that the phrase "tools of the trade" under § 522(f)(2)(B) is to be interpreted in accordance with the statute providing the exemption in bankruptcy.

### CONCLUSION

If not for the liens of the SBA, Debtors' farm equipment would be exempt under Texas law as tools of the trade. Since the Debtors elected to use state exemptions, the definition for "tools of the trade" under § 522(f)(2)(B) will be the Texas definition. Thus, the property satisfies the *Owen* test for lien avoidance, and Debtors may avoid the liens of the SBA on the farm equipment described above.

ORDER ACCORDINGLY.[5]

---

**5.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014. This Memorandum will be published.