**BFI MEDICAL WASTE SYSTEMS; BFI Medical Waste Systems of California, Incorporated; Browning–Ferris Industries, Limited, Plaintiffs–Appellees,**

v.

**WHATCOM COUNTY, a Municipal Corporation of the State of Washington, Defendant–Appellant,**

and

**Safe Waste Management Now, Defendant–Intervenor.**

**No. 91–35374.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 1992.*

Memorandum Filed Oct. 21, 1992.

Order and Opinion Decided Jan. 15, 1993.

---

* Pursuant to Ninth Circuit Rule 34–4, the panel unanimously finds this case suitable for disposition without oral argument.

Paul J. Kundtz, Riddell, Williams, Bullitt & Walkinshaw, Seattle, WA, for defendant-appellant, intervenor-appellant, defendant-appellee, defendant-intervenor.

James Richard Moore, and Kathryn L. Tucker Perkins, Coie, Seattle, WA, for plaintiffs-appellees, plaintiffs-appellants.

Before FARRIS, LEAVY, and TROTT, Circuit Judges.

## ORDER

The memorandum disposition filed October 21, 1992, is redesignated as an authored opinion by Judge Farris.

## OPINION

FARRIS, Circuit Judge:

The Whatcom County council adopted the Medical Waste Ban Ordinance on August 10, 1989. Ordinance 89–61 (Aug. 10, 1989). Section 2 provides that:

[E]ffective January 1, 1990, infectious medical waste generated outside the territorial limits of Whatcom County shall not be accepted for disposal at a waste disposal facility within Whatcom County.

Three waste management companies—BFI Medical Waste Systems, Inc., BFI Medical Waste Systems of California, Inc., and Browning–Ferris Industries, Ltd.—dispose of medical waste at a privately owned incinerator in Ferndale, which is located in Whatcom County. Medical waste is shipped to the Ferndale incinerator from all parts of Washington, Vancouver, British Columbia, and Portland, Oregon. In December 1989, the three companies filed suit to enjoin the enforcement of Ordinance 89–61.

On January 23, 1991, Magistrate Judge Weinberg granted summary judgment finding that Ordinance 89–61 violated the Commerce Clause of the Constitution, 756 F.Supp. 480. On July 15, 1991, Magistrate Judge Weinberg denied BFI's motion for attorney's fees. Whatcom County appeals the grant of summary judgment, and BFI appeals the district court's denial of its request for attorney's fees.

## I. Commerce Clause

■ The "negative" or "dormant" Commerce Clause prohibits interstate curtailment of commerce to advance a particular state's interest. *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res.,* — U.S. —, —, 112 S.Ct. 2019, 2023, 119 L.Ed.2d 139 (1992). Ordinance 89–61 implicates the Commerce Clause because waste is an article of commerce. *Id.* — U.S. at —, 112 S.Ct. at 2023; *Philadelphia v. New Jersey,* 437 U.S. 617, 622–23, 98 S.Ct. 2531, 2534–35, 57 L.Ed.2d 475 (1978).

■ The Supreme Court has recently held that laws that discriminate against out-of-state business interests are *per se* unconstitutional even if it is a county rather than the state itself that discriminates:

... [O]ur prior cases teach that a State (or one of its political subdivisions) may not avoid the strictures of the Commerce Clause by curtailing the movement of articles of commerce through subdivisions of the State, rather than through the State itself.

*Fort Gratiot,* — U.S. at —, 112 S.Ct. at 2024. Under *Fort Gratiot,* out-of-county waste bans are *per se* unconstitutional.

■ Whatcom County must therefore demonstrate that its discrimination is "justified by a valid factor unrelated to economic protectionism." *New Energy Co. of Indiana v. Limbach,* 486 U.S. 269, 274, 108 S.Ct. 1803, 1808, 100 L.Ed.2d 302 (1988). Whatcom County contends that Ordinance 89–61 protects its residents from the hazards of transporting and disposing of medical waste but fails to establish that medical waste from outside the county is more dangerous than medical waste generated inside Whatcom County. That defect is fatal. *Chemical Waste Mgmt., Inc. v. Hunt,* — U.S. —, —, 112 S.Ct. 2009, 2015, 119 L.Ed.2d 121 (1992); *see also Philadelphia v. New Jersey,* 437 U.S. at 626–27, 98 S.Ct. at 2536–37.

Whatcom County argues that the out-of-county medical waste is more hazardous because it has travelled many miles. The Supreme Court rejected this assertion in *Chemical Waste,* — U.S. at —, 112 S.Ct. at 2014. Ordinance 89–61 violates the Commerce Clause. *Fort Gratiot,* — U.S. at —, 112 S.Ct. at 2027; *see also Washington State Bldg. & Constr. Trades Council v. Spellman,* 684 F.2d 627, 631 (9th Cir.1982), *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).

■ Whatcom County's claim that the quarantine exception applies is without merit. *Chemical Waste* held that quarantine laws " 'did not discriminate against interstate commerce as such, but simply prevented traffic in noxious articles, whatever their origin' ". *Chemical Waste,* — U.S. at —, 112 S.Ct. at 2016 (quoting *Philadelphia v. New Jersey,* 437 U.S. at 629, 98 S.Ct. at 2538). Whatcom County produces local medical waste. Ordinance 89–61 does not quarantine all medical waste. *See Chemical Waste,* — U.S. at —, 112 S.Ct. at 2017; *Fort Gratiot,* — U.S. at —, 112 S.Ct. at 2028. Instead it establishes a preference for local waste. Summary judgment was proper.

## II. Attorney's Fees

■ BFI Medical Waste appeals the Magistrate Judge's denial of its request for attorney's fees. In *Dennis v. Higgins,* 498 U.S. 439, 111 S.Ct. 865, 112 L.Ed.2d 969

(1991), the Supreme Court held that Commerce Clause violations are cognizable under 42 U.S.C. § 1983 (1988). Litigants who successfully bring suit under the Commerce Clause may recover damages under § 1983 and attorney's fees under § 1988. The district court decided that *Dennis* should not apply retroactively to BFI's claim. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 107, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). It held that BFI could not recover attorney's fees.

The rule regarding retroactivity is set forth in *James B. Beam Distilling Co. v. Georgia*, — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). In *Beam*, the Court held that once a court "has applied a rule of law to the litigants in one case it must" apply the rule to all litigants whose cases were pending on direct review. *Beam*, — U.S. at —, 111 S.Ct. at 2448; *see also Melton v. Moore*, 964 F.2d 880, 881–82 (9th Cir.1992). *Dennis* did apply the new rule retroactively. *See Dennis*, 498 U.S. at —, 111 S.Ct. at 873. We must therefore do the same.

Although *Dennis* does apply retroactively, the district court may have correctly denied BFI's request for attorney's fees. 42 U.S.C. § 1988 gives the district court the discretion to grant or deny attorney's fees to successful § 1983 litigants. However, "a court's discretion to deny fees under § 1988 is very narrow" and " 'fee awards should be the rule rather than the exception.' " *Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir.1989) (*quoting Teitelbaum v. Sorenson*, 648 F.2d 1248, 1251 (9th Cir.1981)).

The district court must consider "factors related to the Act's purpose" to determine whether to award attorney's fees. Such factors include 1) the parties' reliance on the unavailability of a fee award; 2) the presence of bad faith by either party; 3) the size of the class benefitted by the litigation; and 4) the need for an attorney's fee in order to attract competent counsel to the suit. *Aho v. Clark*, 608 F.2d 365, 367 (9th Cir.1979).

The district court did not determine whether attorney's fees would be available to BFI under § 1988, because it decided that § 1988 would not apply to BFI's claim at all. We therefore remand to the district court to determine whether attorney's fees are appropriate under § 1988 utilizing the factors enumerated above.

We deny BFI's request for attorney's fees for this appeal. We affirm the injunction of Ordinance 89–61. We remand for the court to exercise its discretion whether to award attorney's fees under § 1988. Each side shall bear its own costs on appeal.

Affirmed in part. Remanded.