17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STEVEDORING SERVICES OF AMERICA and Eagle Pacific Insurance
Company, Petitioners/Cross-Respondents,
v.
Harold E. HARMS, Jr., Respondent/Cross-Petitioner,
and
Director, Office of Workers Compensation Programs, United
States Department of Labor, Respondent.
 Nos. 92-70450, 92-70515.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1994.
Decided Feb. 10, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Stevedoring Services of America ("SSA") and Eagle Pacific Insurance Company petition for review of the decision of the Benefits Review Board ("the Board") holding SSA and its insurer Eagle Pacific liable to longshoreman Harold Harms for a permanent hearing impairment that resulted from Harms' longshoreman duties, pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. Secs. 901-950. Harms cross-appeals (No. 92-70515). We reverse and remand for further proceedings in accordance with the U.S. Supreme Court's decision in Bath Iron Works Corp. v. Director, OWCP, 113 S.Ct. 692, 121 L.Ed.2d 619, 61 USLW 4049 (1993).
 
 
 4
 Pursuant to Bath Iron Works, a claimant who discovers after retirement that he suffers from a work-related hearing loss should be compensated under the "scheduled" injuries provisions of the LHWCA, and the "time of injury" for calculation purposes should be considered to be the date of last exposure to the noise. 121 L.Ed.2d at 631-32.
 
 
 5
 There being no procedural or res judicata bar to application of the Bath Iron Works holding to this case, and the Supreme Court having applied its holding to the parties in that case, Melton v. Moore, 964 F.2d 880, 882 (9th Cir.1992), this Court sets aside the Board's decision. 33 U.S.C. Sec. 921(c). The Board should have awarded Harms compensation under the schedule system: two-thirds of Harms' average weekly wage at the time of last exposure to the noise X 200 weeks X 15%. 33 U.S.C. Secs. 908(c)(13) and 908(c)(19). We leave the issue of interest on the award to be calculated by the Board on remand in accordance with Bath Iron Works.
 
 
 6
 The decision and order of the Benefits Review Board is REVERSED and REMANDED for further proceedings in accordance with this opinion.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, Sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3