In re James and Betty ERWIN, Debtors.

Bankruptcy No. 95–43277–H4–13.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Aug. 23, 1996.

Patrick Devine, Devine & Livingston, Houston, Texas, for Debtors.

## OPINION ON DEBTOR'S MOTION TO AVOID LIEN ON TOOL OF TRADE

WILLIAM R. GREENDYKE, Bankruptcy Judge.

James and Betty Erwin ("Debtors") have moved pursuant to 11 U.S.C. § 522(f)(1)(B)(ii) to avoid the lien claimed by Allied Finance ("Allied") upon their 1988 Ford Crown Victoria LTD. Allied filed a proof of claim which asserts a secured claim in the amount of $5,600. Debtors admit owing such amount to Allied; however, they also assert that the vehicle is an exempt tool of trade used in Debtor's profession as a constable. Upon consideration, the Court has concluded that Debtors may not avoid the lien pursuant to § 522(f)(1)(B)(ii) of the bankruptcy code.

### I. *Factual Background*

On May 2, 1995 Debtors filed a voluntary petition under chapter 13 of the bankruptcy code. On September 25, 1995 they filed a motion to avoid the lien on their 1988 Ford Crown Victoria LTD as an exempt tool of trade. In addition, they claimed the vehicle as exempt pursuant to Tex.Prop.Code §§ 42.001 & 42.002.

In support of their motion, Debtors claim that the vehicle is necessary for Mr. Erwin to perform his duties as a Harris County Constable. The car does not contain the outside markings of a constable's car, apparently to avoid difficulties in serving legal papers on parties being summoned. However, the car does contain the necessary emergency lights, spot light, and communications equipment; although recently, the local constable force has modernized to use portable communications equipment.

Allied, on the other hand, argues that the automobile is not a tool even though the Debtor uses his patrol car in his job as a constable. Allied also has alleged that the automobile is not peculiarly adapted for Debtor's employment.

### II. *Analysis*

Section 522(f) of the bankruptcy code allows a debtor to avoid a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under § 522(b) if the lien is a non-possessory, nonpurchase-money security interest in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor. *See,* 11 U.S.C. § 522(f)(1)(B)(ii) (1978).[1] This statute allows the debtor to avoid a lien on property claimed as exempt under a state law exemption statute or under the under the federal exemption statute. 11 U.S.C. § 522(b). In other words, "although a state may elect to control what property is exempt under state law, federal law determines the availability of lien avoidance under § 522(f) of the Code." *In re Nash,* 142 B.R. 148, 153 (Bankr. N.D.Tex.1992) (*citation omitted*); *See Also, In re Neal,* 140 B.R. 634, 638 (Bankr. W.D.Tex.1992). An exception, or limitation on the ability to avoid a lien provided for in section § 522, however, is that in cases in which a debtor has opted to utilize state exemption statutes, if the state allows unlimited exemption of property or prohibits avoidance of a consensual lien on property that could otherwise be claimed as exempt, the debtor may not avoid a security interest to the extent that the value of the property is in excess of $5,000. 11 U.S.C. § 522(f)(3) (1994).

---

1. Section 522(f)(1) states "notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsec-tion (b) of this section, if such lien is ... a nonpossessory, nonpurchase-money security interest in any ... implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor ..." 11 U.S.C. § 522(f)(1)(B)(ii).

As noted above, Debtors have opted to utilize the exemptions provided by the Texas Property Code as opposed to those listed in § 522(d) of the code. The Texas Property Code specifically allows a personal property exemption for "tools, equipment, books, and apparatus, including boats *and motor vehicles* used in a trade or profession." Tex. Prop.Code § 42.002(a)(4) (1991) (*emphasis added*) (*Note: 1991 amendment rewrote the entire section*).[2]

Following the 1991 amendment of the Texas personal property exemption statute, recent cases have noted a broader meaning should be given to the term "tools of trade." *See, In re Legg*, 164 B.R. 69, 72 (Bankr. N.D.Tex.1994). In *Legg*, the Court overruled the requirement that to be exempt, tools must be peculiarly adapted to the trade or profession, and noted that the Texas Legislature obviously did away with the requirement that items must be peculiarly adapted by adding boats and motor vehicles to the 1991 amendment. *Id.* In *Legg*, the court allowed a debtor who regularly used a caterpillar front-end loader, truck, and other equipment in his fertilizer business to claim such items as exempt tools of trade. *Id.* at 73.

The current test for determining whether an item may be claimed as an exempt tool of trade in Texas is whether the item is "fairly belonging to or usable in the debtor's trade." *In re Nash*, 142 B.R. 148, 152 (Bankr.N.D.Tex.1992) (*citing Meritz v. Palmer (In re Meritz )*, 266 F.2d 265, 268 (5th Cir.1959)) (*The Court in Nash held that the Texas exemption for tools of trade applies to large farm items such as plows, tractors, and other farming equipment*). Another aspect of this test is to consider whether the item is used with sufficient regularity to indicate an actual use by the debtor.

*Id.; In re Hrncirik*, 138 B.R. 835, 840 (Bankr.N.D.Tex.1992) (*holding that wrecked, unusable pickup truck was not eligible for exemption as tool of trade since it was not necessary to debtor's farming business* ).[3] In other words, since the amendment of the Texas personal property exemption statute in 1991, the appropriate test for determining what constitutes a tool of trade is the "use test." *In re Baldowski*, 191 B.R. 102, 104 (Bankr.N.D.Tex.1996). Consequently, those items which have merely a general value and use in a business are not included within the scope of the exemption. *In re Neal*, 140 B.R. 634, 637 (Bankr.W.D.Tex.1992).

There are no reported cases interpreting the amendment to the Texas exemption statute involving motor vehicles. However, one case, interpreting a Virginia statute which allows a personal property exemption for motor vehicles, concluded that a debtor could not avoid a lien on a motor vehicle used in their trade unless the vehicle is "*necessary for use in the court* " of debtor's occupation or trade. *In re Weinstein*, 192 B.R. 133, 136 (Bankr.E.D.Va.1995) (*emphasis · added* ). In *Weinstein*, the court concluded that the debtor could not avoid the lien on his truck which was used in his profession as a heating and air conditioning mechanic. *Id.* The court also noted that whether a vehicle is "necessary" to an occupation must remain a fact dependent issue. An explicit statutory exemption for motor vehicles, although intended to be construed liberally, could potentially be interpreted to allow a debtor who stores tools or utensils in his or her vehicle, or merely utilizes the vehicle to commute back and forth to work to utilize the exemption in conjunction with § 522(f)(1)(B) to avoid a nonpossessory, nonpurchase-money lien. *Id.*

**2.** Before 1991, the statute allowed a personal property exemption for "tools, equipment, books, and apparatus, including a boat, used in a trade or profession." Tex.Prop.Code § 42.002(2) (1979). In other words, the 1991 amendment broadened the exemption to include automobiles. In addition, under the pre–1991 statute, courts held that items could not be claimed as an exempt tool of trade unless they were ·"peculiarly adapted" to the trade or profession. *In re Weiss*, 92 B.R. 677 (Bankr.N.D.Tex.1992). However, the "peculiarly adapted" requirement has been

diffused somewhat since the 1991 amendment of the statute.

**3.** Another post–1991 case concerning the amendment to the Texas personal property exemption statute held that a debtor who was in the business of computer-aided drafting could exempt his computer equipment and software as tools of the trade even though some pieces of equipment were generic in nature. *In re Neal*, 140 B.R. 634, 641 (Bankr.W.D.Tex.1992).

Although the Texas exemption statutes are to be construed broadly, the 1991 amendment to the statute, while specifically authorizing an exemption for motor vehicles, appears to have been intended by the legislature merely to add a new category to the exemption, recognizing that in certain cases automobiles may constitute a tool of trade. However, adding an exemption for automobiles was not intended to allow debtors with vehicles having only a remote, or even a moderate nexus with their trade or profession to avoid a nonpossessory, nonpurchase-money lien via the bankruptcy process. Almost all persons engaged in a trade or profession utilize an automobile as a means to commute to and from their employment, as well as in the pursuit of their employment. As a result, the determination of whether a debtor may avoid a lien on a motor vehicle exempted under the Texas statute is largely dependant on the facts and circumstances of each case. Consequently, this Court will follow Judge Akard's reasoning in the *Legg* case and apply the use test to our facts. 164 B.R. 69 (Bankr.N.D.Tex.1994).

At the evidentiary hearing on this matter, Debtor testified that he uses the vehicle for personal or family use in addition to its use in conjunction with his employment. Debtor receives a car allowance from his employer based upon his use of the vehicle to serve legal documents on private parties. He further testified that *any* four-door vehicle, such as a rental car, would be suitable for the performance of his duties as a constable. The Debtor is also not self employed. *See, In re Legg*, 164 B.R. at 72 (*noting that recent case law seems to consider any self-employed activity to qualify as a trade or profession*).[4] These factors have led this Court to conclude that the Debtor's use of the vehicle is too tenuous in relation to his employment as a constable to justify avoidance of Allied's lien on the vehicle. In other words, this car is not "necessary" to his alleged trade—any car would be adequate.

Based on the foregoing findings and conclusions, it is hereby

**4.** This point was not argued at trial. Because it was not raised, this decision is based on the tool

**ORDERED** that Debtor's Motion to Avoid Lien on Exempt Property (Docket # 17) is **DENIED.** It is further

**ORDERED** the Clerk's Office provide notice of this memorandum opinion and order to Debtors, counsel for Debtors, Allied Finance Company, counsel for Allied Finance Company, and the Chapter 13 Trustee.