**In re Richard M. WHITE and Solveig G. White, Debtors.**

**Bankruptcy No. 98–55419–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

April 29, 1999.

Robert L. Mays, Jr., San Antonio, TX, for Debtors.

Helen G. Schwartz, San Antonio, TX, trustee.

ORDER SUSTAINING TRUSTEE'S OBJECTION TO
PERSONAL PROPERTY EXEMPTION OF
COMPUTER SOFTWARE PROGRAM

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the Chapter 7 Trustee's Objection to Personal Property Exemption of Computer Software Program. The Court entertained argument from the parties, after which it took the matter under advisement. This order resolves the objection.

The Whites filed their voluntary petition under Chapter 7 of the Bankruptcy Code on November 7, 1998. They opted to take the scheme of property exemptions allowed under Texas law. On their Schedule C, the debtors claimed an exemption for their 75% interest in certain computer software as a "tool of the trade."[1] This software is apparently useful in the field of medical billing.

■ Texas law exempts "tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession" from execution. TEX.PROP. CODE ANN. § 42.002(a)(4) (West 1999). This state law "tool of the trade" exemption is similarly available to a debtor in bankruptcy. 11 U.S.C. § 522(b)(2)(A). In a bankruptcy, exempt property is deemed not liable on prepetition claims. 11 U.S.C. § 522(c) (1999).

■ In Texas, an item may be claimed as an exempt tool of trade if, among other things, the item is "fairly belonging to or usable in the debtor's trade."[2] See In re Erwin, 199 B.R. 628, 630 (Bankr.S.D.Tex.1996). This determination involves the consideration of whether the item is used with sufficient regularity to indicate an actual use by the debtor. See id. This "use test" seeks to ensure that the item sought to be exempted is "used" in the trade, as required by the statute. TEX.PROP.CODE.ANN. § 42.002(4) (West 1999).

■ In order to determine if the computer software in question is "used" in the debtors' trade so as to qualify for the exemption, it is first necessary to determine what the debtors' trade is. The word "trade" in the statute refers to any legitimate occupation, employment, or business. See Campbell v. Honaker's Heirs, 166 S.W. 74, 75 (Tex.Civ.App.—Dallas 1914, no writ); see also In re Legg, 164 B.R. 69, 73 (Bankr.N.D.Tex.1994).

The Whites apparently create computer software which is specially designed for the specific needs of their customers. One of those customers is their current employer, a business which is involved in the medical billing industry.[3] The Whites have licensed this computer software to that business. They now work as employees of that business, and their job is to keep the software updated so that it might keep up with the ever-changing regulations which govern medical billing. In their response to the Trustee's objection, the Whites noted that the loss of the interest in the software will deny them "employment and the income provided by the license fees from the software."

■ The Court finds that these debtors' trade is that of computer programmers. They create customized software which is tailored to the special needs of their customers. They then license this software, as they did to their current employer, in

---

1. The software seems to have been copyrighted by the debtors on April 4, 1994, and is registered in the U.S. Patent and Trademark Office as copyright number 627,583.

2. Another often-litigated requirement is that the tool be "particularly adapted" to the trade or profession. See In re Neal, 140 B.R. 634, 637 (Bankr.W.D.Tex.1992); see also Segraves v. Weitzel, 734 S.W.2d 773, 776 (Tex.App.—

Fort Worth 1987, writ ref'd n.r.e.) (calling the Texas position the "narrow" reading of the statute). Items which have a "merely general value and use" in the trade or profession are not included within the scope of the exemption. Id. This requirement is not relevant here.

3. It is not clear exactly what the legal form of the business is.

order to make money. Computer software cannot be properly characterized as "tools, equipment, books, or apparatus ... used in" that trade. *See In re Erwin,* 199 B.R. at 630. The software is not a tool at all; it is a product. As such, it is not entitled to the tool of the trade exemption.

■ Even if the debtors' trade is considered to be that of an employee of the medical billing business, the software will not qualify for the exemption.[4] The business, which is the licensee of the software, will not lose its license even if the Chapter 7 trustee sells the debtors' interest in that software to a third party. The business (and necessarily its employees) will be entitled to use the software in any event. The Court is therefore unable to find that the *interest* in the software is "used" in the trade or profession of employee of a medical billing business. *See id.*

The trustee's objection to the debtor's claimed personal property exemption in computer software is therefore **SUSTAINED.**

So **ORDERED.**

---

4. It is likely that such an employee necessarily does not have a "trade" which would allow the application of the statute. *See In re Legg,* 164 B.R. 69, 73 (Bankr.N.D.Tex.1994) (suggesting that "trade" is limited to self-employment).